(Decided 29th May, 1884.)

---

THOMAS I. GRIFFEE *vs.* J. & H. MANN AND COMPANY, and HURST, PURNELL & CO.

*Appeal—Amendment—Affidavit—Proceedings in Insolvency— Section 24, of the Act of 1880, ch. 172.*

No appeal will lie from an interlocutory judgment overruling a demurrer to a petition seeking to have a party adjudicated an insolvent.

A demurrer to such petition was ruled good by the Court below, but the Court at the same time gave the petitioners " leave to make such amendments as will effectuate that provision of the law." HELD :

1st. That as the ground upon which the Court below sustained the demurrer, was that there was a defect in the affidavit to the peti-

tion, the giving the leave to amend, necessarily meant a leave to amend the affidavit.

2nd. That the allowance or refusal to allow an amendment was a discretionary power, and not the subject of review in this Court.

3rd. That the amended petition was not to be treated as an original petition, requiring to be filed within sixty days from the commission of the alleged act of insolvency.

4th. That where the defect in the original petition was the merely formal one, that the affidavit did not *show affirmatively* that the affiants were members of the creditor firms, this defect was remedied where the subsequent part of the record showed that they were such in fact.

5th. That the petitioners having complied with the legal requirements to give the Court jurisdiction, the jurisdiction attached at the date of the original petition, and the amended petition therefore referred back to that period, and was within the time limited by law.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, ROBINSON, IRVING, and BRYAN, J.

*James A. C. Bond,* and *Charles B. Roberts, Attorney-General,* for the appellant.

By adopting the analogy in equity cases, the petitioners had no right to file an amended petition, without first applying for and obtaining leave for the purpose. *Warren vs. Twilley,* 10 *Md.,* 39 ; 2 *Poe's Pleading and Practice,* sec. 795.

The Court did not, in its opinion, grant leave to the petitioners to file an amended petition, but extended leave only "to make such amendments as would effectuate the provisions of the law." (Act of 1880, ch. 172, sec. 24.)

"Leave to amend is obtained upon application to the Court by petition, which should state the amendment required and the reason or facts on which the same is based." *Barroll's Chancery Practice*, 172.

Under the leave claimed, it would be competent for the petitioners to claim the privilege of making as many amendments, and of various sorts, as their fancy might indicate to be necessary to "effectuate the provisions of the law." A practice of this kind could hardly be expected to receive the sanction of even a Court of equity; much more would it be obnoxious to those principles of construction so clearly laid down by this Court in construing the Insolvent Act of 1880.

What purports to be the amended petition was filed on the 4th day of February, 1884, and the act of insolvency therein charged against the defendant, is alleged to have been committed on the 10th day of November, 1883, in executing a deed of trust with preferences, as stated in the first petition.

Now, the plain and clear provisions of the Act, (section 23,) require "the petition" (and a petition would embrace an amended as well as original petition) to be filed within sixty days after the act of insolvency is committed. The Act manifestly requires all kinds of petitions to be filed within sixty days from the act of insolvency, for it so says. It makes no distinctions. This petition is filed almost ninety days after the act of insolvency charged. The making of the deed of trust on the 10th of November, 1883, is the alleged act of insolvency. This Court has said in *Paul, &c. vs. Betts Machine Co.*, 61 *Md.*, 181, "that it is perfectly well settled that the jurisdiction of the Circuit Courts of this State over proceedings in insolvency, is of a limited nature, and the mode of procedure being prescribed by statute, must be pursued, and not otherwise." The Court has used similar language in the case of *Schiff & Co. vs. Solomon, et al.*, 57 *Md.*, 572.

"The latter is purely statutory, implying peculiar methods and their strict observance." This petition, therefore, not being filed within the time limited by law to give the Court jurisdiction, it could not take it. It could only, as this Court has repeatedly said, acquire it in the mode pointed out by the clear and explicit words of the statute, and not otherwise. The Court, in deciding upon the first demurrer, passed upon its right under that petition, to take jurisdiction. *This was the only question involved* before the Court, and in deciding against the petitioners, they were put out of Court. If the petitioners were out of Court, as they then were, on the 25th day of January, 1884, when the Court decided the demurrer to the first petition, (and in that opinion they have acquiesced,) how could they obtain a footing by filing a petition on the 4th day of February, 1884, nearly ninety days after the act of insolvency is alleged to have been committed, and simply calling it an amended petition.

If the affidavit to the first petition was so defective, as not to be in compliance with the law, giving the Court jurisdiction, as expressly decided by the Court, how could it be cured by an amendment?

The fault related to the question of jurisdiction, and was therefore vital and incurable.

*Charles E. Fink,* and *Charles T. Reifsnider,* for the appellees.

The demurrer to the original petition was sustained on the ground that the affidavit does not show *affirmatively* and positively on its face that it was made by the petitioners or one of them. As the Court in its opinion, says: "The affidavits are made by Jacob Mann, one of the members of the firm of J. & H. Mann & Co., and by William E. Clarke, one of the firm of Hurst, Purnell & Co. The names of the affiants are the same identically with one of the members of the several firms, petitioners, and

the inference is very strong that they are the same parties, and are members severally of the two petitioning firms. But it is only inference. There are no words, such as the said Jacob Mann and the said William E. Clarke, one of the petitioners, thereby affirmatively and positively connecting them with the said petitioners." But said inference is not only "very strong," but carries the conviction with it, that the parties who made the affidavits are severally members of the respective firms petitioning.

At the present day Courts do not favor mere technicalities, and it would be unjust and irrational for Courts to stand *super antiquas vias,* when by so doing justice might be defeated.

If the demurrer to the amended petition be sustained on the ground that it was not filed within sixty days after the alleged act or acts of insolvency, it would in effect permit the appellant to take advantage of his own laches. His demurrer to the original petition was not filed until after the day limited by the order of the Court. The hearing of the case was postponed from time to time at the instance, and to suit the convenience, of the counsel for the appellant; the opinion of the Court below sustaining said demurrer, and permitting the amendment, was filed after the expiration of the sixty days after the alleged act or acts of insolvency. Then, how was it possible to file an amended petition within the sixty days? If such a construction be put upon the law, then the right of amendment, as provided by the Act, will be defeated. The Legislature clearly intended that the petitioner in such cases should have ample opportunity to present the question to the Court on its merits, when it provided in sec. 24, of chap. 172, of the laws of 1880, "that the Court shall possess power to allow any amendments necessary to present the rights of the matter."

STONE, J., delivered the opinion of the Court.

The appeal in this case must be dismissed. It was taken from an interlocutory judgment of the Circuit Court overruling a demurrer to the petition. From such a judgment no appeal will lie. *Wheeler, et al. vs. State, use of Bateman's Adm'r,* 7 *Gill,* 33. The counsel for the appellant have very earnestly asked the Court for its opinion on the principal question involved in the case, and have assured us that the appellees were equally anxious to have our views upon it, so as to prevent another appeal. We have, therefore, concluded to accede to this request, and to give our opinion as to the principal question involved in the case; premising, however, that this case must not be taken as a precedent for our action in any future case, and that what we here may say, cannot have the force and effect of a final determination of the law of the case, as the case itself is not properly before us.

The facts are these : The appellees filed a petition in the Circuit Court for Carroll County, against the appellant, a trader, alleging that he, the appellant, had committed an act of insolvency, and praying that he might be adjudicated an insolvent. This petition with an affidavit thereon, was duly filed within the sixty days after the commission of the alleged act of insolvency. To this petition, the appellant demurred, and the Court below sustained the demurrer, but at the same time gave the appellees "leave to make such amendments as will effectuate that provision of the law."

The ground upon which the Circuit Court sustained the demurrer was, that there was a defect in the affidavit to the petition, and giving the leave to amend, necessarily meant a leave to amend the affidavit.

Some delay occurred after the filing of the demurrer before the decision of the Court upon it, and that decision was not rendered until more than sixty days after the alleged act of insolvency. In a few days after the decision

upon the demurrer, an amended petition was filed, and to this amended petition the appellant again demurred, but his demurrer was overruled and from that he appealed.

The question upon which the parties desire our opinion is whether this amended petition should not have been filed within sixty days from the commission of the alleged act of insolvency.

By the 24th section of the Act of 1880, chap. 172, it is provided, "and the Court shall possess power to allow *any amendments* necessary to present the rights of the matter." When therefore the Circuit Court gave the appellees leave to amend, they did what the law, in express terms, gave it the right to do, and which the law moreover *confided to its discretion.* If the Circuit Court had the power to allow amendments at all, the allowance or refusal to allow an amendment is a discretionary power, and not the subject of review by this Court. *Scarlett vs. The Academy of Music,* 43 *Md.* 303.

There is nothing in the law restricting the right of amendment to any particular part of the proceedings, but its language is broad enough to cover every step in the proceedings, from the petition to the last order filed in the case, whenever the Court may think an amendment necessary to present the right of the matter.

The Court having, as we have seen, the right to allow amendments, the only remaining question is, whether the second petition was in fact, an amendment of the first, and not an original proceeding. On this subject there can be no doubt.

The second petition is styled " the amended petition," and recites the original petition, the demurrer thereon, the leave to amend, and that the second petition was the amended petition. This amendment was made in an orderly and proper manner, and with more care than amendments generally are, and can in no sense be considered as an original proceeding.

Griffee *vs.* Mann, *et al.*

The appellant seems to suppose that the Circuit Court only *took jurisdiction* in the case at the time the amended petition was filed, and as that was not filed for more than sixty days from the date of the alleged act of insolvency, the petitions are barred by the limitation of the sixty days. This is not so. The facts necessary to give the Court the proper jurisdiction, are first, debts to the amount of at least $250; secondly, the petition verified by the affidavit of the petitioner, and thirdly, that it shall be filed within sixty days from the date of the act of insolvency.

Each and every one of these facts existed as the record clearly discloses. The debts of the petitioners exceeded $250; the original petition was filed within sixty days from the act of insolvency, and it was verified by the affidavit of the petitioners. The defect in the affidavit first made according to the opinion of the Court below, was the merely formal one that the affidavit did not show *affirmatively* that the affiants were members of the creditor firms. That they were *in fact* members of the firm, and as such made the affidavit, is shown by the subsequent part of the record. The petitioners having thus complied with the legal requirements to give the Court jurisdiction, the jurisdiction attached at the date of filing the original petition, and the amended petition therefore refers back to that period, and is within the time limited by law.

*Appeal dismissed.*

(Decided 29th May, 1884.)