## Murphy et al., Appellants, *v.* Cappeau et al.

*Affidavit of defence—Mechanics' lien—Bill of particulars.*

The particulars appended to a mechanics' lien, filed by a material-man, contained items without dates or prices; the dates of other items were not consecutive, and the prices given were confusing. The affidavit of defence averred that the defendant was unable to ascertain from the bill the propriety or reasonableness of the charges; *Held* that the court below was right in discharging a rule for judgment.

*Affidavit of defence law.*

Only in a clear case will the Supreme Court reverse an order refusing judgment for want of a sufficient affidavit of defence, inasmuch as the result of the order is simply to send the case before a jury, where the rights of the parties can properly be disposed of.

Argued Nov. 5, 1891.     Appeal, No. 297, Oct. T., 1881, by plaintiffs, from order of C. P. No. 1, Allegheny Co., March T., 1891, No. 924, discharging a rule for judgment.     Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

Scire facias sur mechanics' lien by H. Murphy and M. Diebold, partners as Murphy & Diebold, against Joseph P. Cappeau and Ida M. Cappeau his wife, in right of said Ida M. Cappeau, owner or reputed owner, and John Richards contractor. The lien recited in the scire facias was filed for materials alleged to have been furnished by the plaintiffs, for and about the erection of a frame dwelling-house on a lot of ground belonging to Ida M. Cappeau.

The plaintiffs having filed an affidavit of claim, the defend-

ants, Cappeau and wife, filed an affidavit of defence made by said J. P. Cappeau, averring that the said John Richards commenced the erection of the building against which the lien was filed, under a written contract a copy of which was attached to the affidavit; * that said building had not yet been completed in accordance with the terms thereof, certain portions of it, mentioned in the affidavit, having been condemned by the architect, and admitted by said Richards "not to be in accordance with the specifications," and such incomplete performance of the contract had not been accepted or full performance waived; and that certain specified sums had been paid to the contractor, and the remainder of the contract price was not yet due and payable by the terms of the contract, nor would it become so until full performance of said contract. The affidavit then continued:

"That deponent has inspected the claim filed by the plaintiffs and entered in mechanics' lien docket No. 13, at page 65, at No. 11 March Term 1891. That a bill of particulars accompanies said claim and by its terms is made part thereof, which bill of particulars is so indefinite in its terms that deponent is unable to understand the same; that it purports to contain a statement of the items of material alleged to have been furnished in and about the construction of the building above mentioned, and of the dates when the said materials are alleged to have been furnished; that said dates are not orderly nor consecutive, and it is difficult to determine from the bill of particulars in what manner the several dates apply to the various items of materials therein mentioned; that the charges made for items of materials appear upon said bill of particulars in such manner as to be unintelligible; for example, under date of June 27th, an item appears, 250 feet quarter-round hard wood, extended at the amount of $1,980.95; other items of material appearing on said bill of particulars have no prices extended, and deponent is unable to ascertain from an inspection of said bill of particulars, for others, as to the amounts charged therefor, and as to whether the same are worth the amounts charged, or to use the said bill of particulars in any manner for the purpose of ascertaining the propriety or reasonableness

---

* This contract referred to certain specifications as constituting a part thereof, but they were not included in the copy filed.

of the charges for the items therein contained ; all of which he and his said wife expect to be able to prove, and further deponent saith not."

A rule for judgment for want of a sufficient affidavit of defence having been argued, the court SLAGLE, J., on September 23, 1891, filed the following opinion and decree :

The affidavit of defence sets forth grounds of defence as follows : First, that the building has not been completed. Second, that the bill of particulars attached to the claim is indefinite and unintelligible.

Upon the argument, it was further claimed that plaintiffs are not entitled to a lien for the reason that they are material-men, who furnished material to the contractor, Richards, who agreed to deliver the building to the plaintiffs free, clear, and discharged from all liens of mechanics and material-men, etc.

The contract in this case is substantially the same as that considered in the case of Murphy v. Morton, 139 Pa. 345, which is distinguished from Schroeder v. Galland, 134 Pa. 277.* The plaintiffs, therefore, have a right to file their lien notwithstanding the contract between the owners and contractor.

The facts upon which the first objection is based are not sufficiently stated to raise the question suggested.

But we do not regard the bill of particulars as a compliance with the law. It is all for materials. To many items there are no dates, and to many no prices. The dates are not consecutive and the prices attached are confusing. Mr. Trickett in his work on Liens, 63, says : " The amount due for each item of work or material must be given along with the specifications of the work or materials itself." Though there is no case so holding, we think the principles of decided cases sustain this view.

---

* The language of the contract in the present case was : "The said John Richards . . . . will deliver the building to the party of the first part, free, clear, and discharged of and from all liens of mechanics and material-men, and from all parties having the right of lien or action. He also agrees to furnish to the architect as each payment falls due after the first, satisfactory receipts showing that the proceeds of all preceding payments have been devoted to the paying for materials in the above said buildings. And, before the last payment shall be due, he will furnish the owner with releases from all material-men and parties having the right of lien or action."

The rule for judgment is therefore discharged; exception. [1] Plaintiffs appealed.

*Errors assigned* were the action of the court (1) in discharging the rule for judgment; (2) in not making said rule absolute.

*J. McF. Carpenter*, for the appellant, cited: (1) As to the right of defendants to question the sufficiency of the lien filed, by affidavit of defence: Titusville I. Works v. Oil Co., 130 Pa. 211; Howell v. Philadelphia, 38 Pa. 471; Lewis v. Morgan, 11 S. & R. 234; Lybrandt v. Eberly, 36 Pa. 348; Lee v. Burke, 66 Pa. 336. (2) As to the sufficiency of the bill of particulars: Noll v. Swineford, 6 Pa. 187; Singerly v. Cawley, 26 Pa. 249; Calhoun v. Mahon, 14 Pa. 58; Driesbach v. Keller, 2 Pa. 77; Knabb's Ap., 10 Pa. 187.

*John F. Sanderson*, *Walter Lyon* and *Chas. H. McKee*, with him for the appellees, cited: Gottman v. Shoemaker, 86 Pa. 31; Knapp v. Oil Co., 53 Pa. 185; Bowen v. De Lattre, 6 Wh. 430; Lloyd v. Hibbs, 81 Pa. 306; Mersereau v. Kohler, 2 Pears. 119; Noll v. Swineford, 6 Pa. 187; Campbell v. Scaife, 1 Phila. 187; Schroeder v. Galland, 134 Pa. 277.

PER CURIAM, January 4, 1892.

We think the court below was right in discharging the rule for judgment. As the case may come up again at a later stage, discussion of it now is unnecessary.

It may not be out of place for us to say that the practice of bringing up cases upon the refusal of the court below to enter a judgment for want of a sufficient affidavit of defence, involves delay, an increased expense to the parties, and seldom results in any good. It requires a clear case to induce us to reverse the court below under such circumstances, for the reason that a refusal to enter judgment sends the case to a jury, where the rights of the parties can be properly disposed of. Recent legislation has given appeals in so many interlocutory orders that our time is largely occupied in hearing cases of this character, in many of which, at least, nothing is decided of practical value, while the time which we ought to give to important cases is curtailed to a corresponding extent; and, if this kind of legislation is further extended, it cannot be long before the business of the court will outgrow our ability to manage it. We cannot do more than we are doing now.

Judgment affirmed.          C.