ROBINSON et al. v. BELT et al.

(Circuit Court of Appeals, Eighth Circuit. May 29, 1893.)

No. 217.

1. CIRCUIT COURTS OF APPEALS—JURISDICTION—FINAL JUDGMENTS.

An order of the United States court for the Indian Territory, overruling a demurrer to an interplea, whereby a third person claims certain goods seized in attachment, is not a final judgment, and the circuit court of appeals has no jurisdiction to review the same on a writ of error.

2. SAME.

The appellate jurisdiction of the circuit courts of appeals is restricted to the review of final judgments and decrees, with the single exception of interlocutory orders granting or continuing injunctions, as to which a right of appeal is given by section 7 of the act creating the court, (26 Stat. p. 826, c. 517.)

In Error to the United States Court in the Indian Territory. Writ dismissed.

W. T. Hutchings, N. B. Maxey, and C. L. Jackson, for plaintiffs in error.

A. J. Nichols, J. C. Hodges, and J. H. Kougler, (John Watkins, on the brief,) for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge. On the 30th of December, 1891, J. M. Robinson & Co. brought suit in the United States court for the Indian Territory against J. C. Belt to recover the sum of $1,300. An order of attachment was sued out in the action, which was levied on a stock of general merchandise and other personalty, as the property of the defendant, Belt. C. M. King intervened in said action, and filed an interplea claiming the attached property under a deed of assignment executed by J. C. Belt to him prior to the levy of the attachment, whereby said property was conveyed to him as assignee in trust for the creditors of said Belt. The deed of assignment was made part of the interplea. To this interplea, J. M. Robinson & Co., the plaintiffs in the attachment suit, interposed a general demurrer, which was by the court overruled; and thereupon the plaintiffs took an exception to said ruling, and sued out this writ of error. There is no final judgment on the interplea, and no order or judgment whatever thereon, other than the order overruling the demurrer thereto.

The act of congress creating this court (26 Stat. p. 826, c. 517) confers on it "appellate jurisdiction to review, by appeal or writ of error, final decision" in the district and circuit courts, in the class of cases to which this appellate jurisdiction extends. The only exception to the rule restricting appeals and writs of error to final decrees and judgments is found in section 7 of the act, which provides that an appeal may be taken from an interlocutory order or decree granting or continuing an injunction. The order of the court overruling a demurrer to an interplea is not a final judgment. Elliott's App. Proc. §§ 80, 82; Slagle v. Bodmer,

58 Ind. 465; Banking Co. v. Knaup, 55 Mo. 154; Griffee v. Mann, 62 Md. 248; Kirchner v. Wood, 48 Mich. 199, 12 N. W. Rep. 44. A final judgment or decree, within the meaning of the act regulating appeals to this court, is one that terminates the litigation on the merits, so that in case of affirmance the court below will have nothing to do but to execute the judgment or decree it originally rendered. Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. Rep. 15; Grant v. Insurance Co., 106 U. S. 429, 1 Sup. Ct. Rep. 414; St Louis, I. M. & S. R. Co. v. Southern Exp. Co., 108 U. S. 24, 2 Sup. Ct. Rep. 6; Ex parte Norton, 108 U. S. 237, 2 Sup. Ct. Rep. 490. If the plaintiffs in error were content to rest upon their demurrer, they should have so advised the court, and permitted the interpleader to take final judgment on his interplea.

The writ of error is dismissed, at the cost of the plaintiffs in error.