## EDWARD S. EASTON
### *v.*
## THE BOARD OF REVIEW OF PEORIA COUNTY.

*Opinion filed December 18, 1899.*

TAXES—*a city warrant is taxable as a chose in action.* A city warrant representing a promise by the city, in the nature of an order on its treasurer, to pay a debt incurred by the city by reason of the advancement of money to it by the holder, is a chose in action and liable to taxation.

APPEAL from the decision of the Board of Review of Peoria county.

DAN F. RAUM, for appellant.

EDWARD C. AKIN, Attorney General, (C. A. HILL, and B. D. MONROE, of counsel,) for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On April 1, 1899, appellant was the holder of three warrants, amounting altogether to the sum of $35,000, drawn by the city of Peoria upon its treasurer, and payable out of the taxes levied and to be collected for the year 1899. These warrants were issued in pursuance of resolutions adopted by the city council, and appellant advanced the face of said warrants to the city of Peoria, to be used by it in payment of its current expenses. Each warrant provides for the payment of five per cent interest, and they are made payable one year from date, so that they might be met by the taxes collected for the year 1899. Appellant claimed the warrants were exempt from taxation, and for that reason refused to return the same to the assessor. Upon notice he appeared before the board of review and again claimed the exemption, but the board of review held the warrants were taxable and assessed appellant for the same. From this action of the board of review appellant prayed an appeal, which, under the provisions of paragraph 4 of section 35 of the Revenue act of February 25, 1898, is transmitted to this court by the Auditor of Public Accounts, as provided by that paragraph of the section referred to.

Appellant claims these warrants are instruments of government employed by the city of Peoria to carry into execution its powers and cannot be presumed to be taxed, because such tax would operate injuriously upon future warrants and destroy this instrument of government; also because, it is claimed, the revenue acts under which these warrants are proposed to be taxed were adopted for the purpose of raising revenue for municipalities, which

would be impeded or destroyed by their taxation, and to tax them would impair the obligation of contracts.

The warrants drawn by the city of Peoria, a municipal corporation, represent nothing more than the promise of the municipality to pay a debt incurred by the city by reason of the advancement of money thereto. An evidence of indebtedness, under whatsoever name it may be termed, whether note, bond, bill of exchange or other instrument, and however secured, is a mere chattel personal, included within the term "chose in action." It has never been the policy of this State to exempt from taxation choses in action, whether they include indebtedness represented by the bonds of municipalities of the State, whether county, city, township or other municipality. By section 1 of article 9 of the constitution it is provided: "The General Assembly shall provide such revenue as may be needful by levying a tax, by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property," etc. By section 3 of the same article the property of the State, counties and other municipal corporations, real and personal, and certain other excepted property, is made exempt from taxation by general law. No general law exempts from taxation an indebtedness resulting from the loan of money to any such municipal corporation so mentioned in section 3, because it cannot be held that the indebtedness of a municipality is property, but the evidence of indebtedness against such municipality is a chose in action following the domicil of the owner, representing property which is liable to taxation under the provisions of the constitution heretofore quoted. There is no principle of equity or of public policy which exempts such indebtedness from taxation.

The action of the board of review of Peoria county was correct and is approved.          *Action approved.*