### SHUMAKER v. SECURITY LIFE & ANNUITY CO. OF AMERICA.

(Circuit Court of Appeals, Third Circuit. February 4, 1908.)

#### No. 60.

1. COURTS—UNITED STATES CIRCUIT COURT OF APPEALS—REVIEW OF INTERLOCUTORY ORDERS.

Under Act Cong. March 3, 1891, § 6, c. 517, 26 Stat. 828, vesting in the United States Circuit Court of Appeals jurisdiction to review, by appeal or by writ of error, final decisions, and under section 7, authorizing an appeal to such court from an interlocutory order or decree granting or continuing an injunction or appointing a receiver, it has no jurisdiction to review an interlocutory order refusing judgment for want of a sufficient affidavit of defense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 1099.

Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

2. SAME—CONFORMITY TO STATE PRACTICE.

Rev. St. § 914 [U. S. Comp. St. 1901, p. 684], provides that the practice, pleadings, and forms and modes of proceeding in civil causes in the Circuit and District Courts shall conform as near as may be to the existing practice, etc., in like causes in the courts of the state within which such Circuit or District Courts are held. Act Pa. April 18, 1874 (P. L. 64), provides that, where plaintiff is entitled to and is refused judgment for want of a sufficient affidavit of defense, he may take a writ of error to the state Supreme Court. Held, that these provisions do not give the Circuit Court of Appeals for the Third Circuit jurisdiction to review an interlocutory order refusing judgment for want of a sufficient affidavit of defense. Section 914 is inapplicable to a subsequently created appellate court for a circuit composing several states, and requires conformity to the state law and practice only in matters of practice, pleading, and forms and modes of proceeding, and not even in such matters where Congress

has prescribed a rule, and not in matters of jurisdiction, as to which Congress has prescribed the rule.

[Ed. Note.—Conformity of practice in federal courts in common-law actions to that of state courts, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 153 Fed. 332.

W. Clarke Mason, for plaintiff in error.

Theodore W. Reath, Sydney Young, and Joseph I. Doran, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and CROSS, District Judge.

DALLAS, Circuit Judge. Section 6 of the act of Congress of March 3, 1891, by which this court was established, vested in it "jurisdiction to review, by appeal or by writ of error, final decisions"; but neither that statute nor any other has given it jurisdiction to review an interlocutory order refusing judgment for want of a sufficient affidavit of defense. Morris v. Dunbar, 149 Fed. 406, 79 C. C. A. 226; McLish v. Roff, 141 U. S. 665, 12 Sup. Ct. 118, 35 L. Ed. 893; Railway Co. v. Roberts, 141 U. S. 690, 12 Sup. Ct. 123, 35 L. Ed. 902; Webster Coal & C. Co. v. Cassatt (decided December 2, 1907) 207 U. S. 181, 28 Sup. Ct. 108, 52 L. Ed. ——. The provision in section 7 of the same act for an appeal from an interlocutory order or decree granting or continuing an injunction, or appointing a receiver is manifestly exceptional in character, and makes it perfectly clear that, except as expressly excepted, the settled rule as declared in section 6 is to be adhered to.

We cannot assent to the suggestion of counsel that section 914 of the Revised Statutes [U. S. Comp. St. 1901, p. 684] would justify the assumption by this tribunal of the jurisdiction which the Pennsylvania act of April 18, 1874 (P. L. 64), imposed upon the Supreme Court of that state. That section refers in terms to Circuit and District Courts, and to the state within which such courts are held. It is inapplicable to a subsequently created appellate court for a circuit comprising several states. Moreover, it requires conformity with state law and practice only in whatever belongs to the three categories of practice, pleading, and forms and modes of proceeding, and not even in such matters where Congress itself has legislated upon the subject and prescribed a rule. A question of jurisdiction is not within the categories mentioned; and upon the subject of reviewable judgments Congress, as we have seen, has legislated and prescribed the rule. Amy v. Watertown, 130 U. S. 305, 9 Sup. Ct. 530, 32 L. Ed. 946.

We may be permitted to add that this particular statute has not proved to be satisfactory to the courts of the state by which it was enacted, and were we at liberty to adopt it the experience of those courts would deter us from doing so. Radcliffe v. Herbst, 135 Pa. 574, 19 Atl. 1029, was an appeal to the Supreme Court of Pennsylvania from the refusal of the court below to enter judgment against the defendants

for want of a sufficient affidavit of defense, and in deciding it the reviewing court said:

"The language of this court in Griffith v. Sitgreaves, *81 Pa. 378, is so applicable to this class of cases that I quote it here: 'The act of assembly authorizing writs of error to be taken when a court of common pleas refuses to enter judgment on the ground of the sufficiency of an affidavit of defense was intended to reach only. clear cases of error in law, and thus to prevent the delay of a trial. Its effect is often to produce two writs of error in the same cause, instead of one, and is not to be encouraged. Such writs should be confined to plain errors of law. In doubtful cases, and especially in those requiring broad inquiry into facts, where the court refuses judgment, the matter in controversy should go to the jury, as the proper tribunal to decide the cause, under proper instructions from the court.'

"Our further experience with the act referred to confirms us in the wisdom of these remarks. The practice is growing to bring up cases upon the refusal of the court to enter judgment; nor are such writs, as a general practice, confined to plain errors of law, as they should be. The instances are rare where any benefit results therefrom. Frequently the cases could have been tried below in less time than is required to bring them here upon appeal. The practical effect of such a mode of practice is to delay, instead of speeding, causes, and to add materially to the expenses of the litigants."

See, also, Murphy v. Cappeau, 147 Pa. 48, 23 Atl. 438; Ætna Ins. Co. v. Confer, 158 Pa. 604, 28 Atl. 153; Paine v. Kindred, 163 Pa. 642, 30 Atl. 273; Security S. & L. Ass'n v. Anderson, 172 Pa. 307, 34 Atl. 44; Land & Improvement Co. v. Mendinhall, 4 Pa. Super. Ct. 407; Holland v. Iron Works, 9 Pa. Super. Ct. 264.

From what has been said, it results that we cannot take jurisdiction of this case as now presented, and consequently, at the cost of the plaintiff in error, but without prejudice, it will be remanded to the Circuit Court for further proceedings according to law.