GULF REFINING CO. OF LOUISIANA et al. v. VINCENT OIL CO.

(Circuit Court of Appeals, Fifth Circuit. February 21, 1911. On Rehearing, March 14, 1911.)

No. 2,165.

1. APPEAL AND ERROR (§ 71*)—APPEALABLE DECREES—INTERLOCUTORY DECREES.

Interlocutory orders, which are appealable under U. S. Comp. St. 1901, p. 550, § 7, authorizing appeal from certain interlocutory orders granting an injunction or appointing a receiver, are orders in the nature of "executions before judgment," and in effect either ousting parties from possession or injuriously controlling the management and disposition of property.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 393–401; Dec. Dig. § 71.*]

2. APPEAL AND ERROR (§ 71*)—DECREES NOT APPEALABLE—DECREE APPOINTING SPECIAL MASTER.

An interlocutory decree, in effect appointing a special master, though he be named "conditional receiver," is not appealable, not being such order appointing a receiver as is appealable, under U. S. Comp. St. 1901, p. 550, § 7.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 399–401; Dec. Dig. § 71.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Western District of Louisiana.

Suit by the Vincent Oil Company against the Gulf Refining Company of Louisiana and others. From an interlocutory decree, defendants appeal. Appeal dismissed.

D. Edward Greer and Amos L. Beaty, for appellants.

John Hamman, Presley K. Ewing, and W. H. Gill, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. This is a suit brought in equity for the specific performance of a certain oil lease and for the cancellation of conflicting leases and titles, and the prayer is for an injunction pendente lite, a permanent injunction, the appointment of a receiver, the cancellation of contracts, and for general relief. It is brought to this court by an appeal from a decree as follows, to wit:

"Vincent Oil Company, Complainant, v. Gulf Refining Company of Louisiana and Others.

"No. 553.   In Equity.

"This day this cause came on to be heard upon the complainant's amended bill as filed herein, the defendants' demurrers thereto as filed herein, and the defendants' answers to show cause against the preliminary relief as prayed by said bill, after due and reasonable notice to the defendants, and appearance by them, and was argued by counsel, and thereupon the court, upon consideration thereof, ordered, adjudged, and decreed as follows, viz.:

"That decision upon said demurrers be and is hereby reserved by the court. That Underwood Nazro, who has the necessary qualifications, be and he is hereby appointed as conditional receiver herein, with authority to exercise the limited powers to him hereby granted, upon his duly qualifying as such by filing the requisite oath and giving bond, payable to the clerk of this court and his successors in office, in terms of law, for the faithful performance of his duties as such receiver, with good and sufficient security, to be approved by the court or said clerk, in the sum of one thousand ($1,000.00) dollars.

"That said conditional receiver so appointed be and he is hereby authorized, and he is directed, to take and keep accurate accounts of all oil or other minerals extracted, produced, or marketed by the defendants, Gulf Refining Company of Louisiana, Sabine Oil & Mineral Company, and S. A. Emerson, and each of them, from the lands described in the lease from A. J. Vincent and cograntors to H. T. Staiti, bearing date May 5, 1909, as alleged in complainant's said bill, and also of the prices obtained therefor, and the reasonable expenses incurred in producing the same into the tanks and pipe lines, and to file his monthly statements thereof among the papers of this cause, so that at the final hearing the court will have before it the exact amounts which may enter into a full accounting.

"That said receiver is hereby authorized to require said above-named defendants, and they are each directed at his request, under penalty of law in case of disobedience, to furnish him with sworn schedules and statements and such inspection of their books and documents in that behalf from time to time as will enable or aid him to prepare accurately the accounts hereinbefore required of him.

"That said receiver is further authorized to require of above-named defendants, and each of them, and they are severally directed at his request, from time to time, to furnish bonds, payable to the clerk of this court and his successors in office, for the benefit of whom the court may finally decree herein, with good and sufficient security, and to be conditioned and in such amounts as he may determine in reasonable proportion to the amounts to be protected, compelling the obligors to account for all revenues or moneys derived from said land from oil or other minerals produced therefrom, in the event complainant succeeds in maintaining this suit.

"That said receiver be and he is hereby further authorized, and he is required, to vigilantly inquire into and report to the court for its action, should necessity seem to require, whether said above-named defendants, or any of them, or their agents, servants, or workmen in that behalf, are disposing of said oil or other minerals for less than its reasonable market value at such times and place, or are failing to exercise reasonable diligence in their drilling to protect said land here in question and its property lines.

"That inasmuch as said lessors, A. J. Vincent and cograntors, are entitled under each of the opposing leases herein to one-eighth ($\frac{1}{8}$) royalty of the oil produced and certain proportions of other products, nothing herein shall prevent the defendants above named from paying over to them said one-eighth ($\frac{1}{8}$) royalty from time to time and the proportion of other products as provided in said lease, and said defendants shall be entitled to credits on the accounts therefor.

"That either side shall have and are hereby granted leave, under the limitations applicable in such case, to apply to this court from time to time, before final decree, for modification and enlargement hereof, and said receiver may also apply for further directions or authority hereunto if needs be.

"Entered this 20th day of December, 1910.        Aleck Boarman, Judge."

There are eight errors assigned on this appeal, each one of them commencing:

"The Circuit Court erred in taking jurisdiction of this cause and in appointing a receiver herein, because," etc.

The above decree is in no sense a final decree, and our jurisdiction, if we have any, is under the statute providing as follows:

"Sec. 7. That where, upon a hearing in equity in a District Court or in a Circuit Court, or by a judge thereof in vacation, an injunction shall be granted or continued or a receiver appointed, by an interlocutory order or decree, in a cause in which an appeal from a final decree may be taken under the provisions of this act to the Circuit Court of Appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction or appointing such receiver to the Circuit Court of Appeals: Provided, that the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed, unless otherwise ordered by that court, or by the appellate court or a judge thereof, during the pendency of such appeal: Provided further, that the court below may in its discretion require as a condition of the appeal an additional bond." U. S. Comp. St. 1901, vol. 1, p. 550.

Interlocutory orders, which may be reviewed on appeal under and within the purview of the statute just quoted, are orders in the nature of "executions before judgment," and in effect either ousting parties from the possession of property or injuriously controlling the management and disposition of property. In the present case, the order appealed from does neither. Analyzed and assimilated to usual and well-known proceedings in equity, it merely appoints a special master, and, as stated by counsel for appellants at the bar, does not injuriously affect the appellants in the possession, control, or management of property. If the person named in the order "conditional receiver" had been named "special master," no party would have imagined that an appeal would lie under the above statute.

"A receiver is an indifferent person between the parties, appointed by the court to collect and receive the rents, issues, and profits of land, or the produce of personal estate, or other things in question pending the suit, which it does not seem reasonable to the court that either party should do, or where a party is incompetent to do so, as in the case of an infant. A receiver can

only be properly granted for the purpose of getting in and securing funds which this court at the hearing, or in the course of the cause, will have the means of distributing among the persons entitled to those funds." Kerr on Receivers, p. 2.

In Edwards on Receivers, p. 2, the definition is substantially the same.

"A receiver, generally speaking, is one to whom anything is delivered by another. But the use of the word in reference to the subject of which we are to treat means a ministerial officer of a court of chancery, appointed as an impartial and indifferent person between the parties to a suit to take possession of and preserve, pendente lite, and for the benefit of the party ultimately entitled to it, the fund or property in litigation, when it does not seem equitable to the court that either party should have possession or control of it." Alderson on Receivers, p. 2.

"A receiver is an officer of the court, through whom equity takes possession of the property which is the subject of a litigation, preserves it from waste and destruction, secures and collects the proceeds, and ultimately disposes of them according to the rights and priorities of those entitled thereto, whether regular parties in the cause, or only coming before the court in a reasonable time and in the due course of procedure to assert and establish their claims. * * *" Luck & Becker, Receivers of Corporations, p. 1.

From these hornbook definitions, it is clear that the order appealed from does not appoint a receiver, and, as such appointment is the ground on which this appeal is taken and prosecuted, and to which all the assignments of error relate, we are of opinion the same should be dismissed, and

It is so ordered.

## On Rehearing.

PER CURIAM. The order appealed from in this case is an administrative order looking to the preservation of the rights of the parties pending litigation, and it does not disturb title or possession to any such degree as to bring it within the purview of the law allowing an appeal from an interlocutory order appointing a receiver or granting an injunction.

The petition for rehearing is denied.