## MARTIN et al. v. PARTRIDGE.

### No. 9583.

Circuit Court of Appeals, Eighth Circuit.

March 30, 1933.

BOOTH, Circuit Judge, dissenting.

Frank Y. Gladney, of St. Louis, Mo. (James C. Jones, Lon O. Hocker, and Frank H. Sullivan, all of St. Louis, Mo., on the brief), for appellants.

William M. Fitch, of St. Louis, Mo. (George H. Moore, Max O'Rell Truitt, and Staunton E. Boudreau, all of St. Louis, Mo., on the brief), for appellee.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

STONE, Circuit Judge.

For himself, as a bondholder-creditor, and on behalf of all creditors, as a class, appellee filed his bill against the defendants, as individual stockholders and as representing all of the stockholders of the St. Louis Joint Stock Land Bank, for recovery of the statutory double stock liability (12 USCA § 812). In that bill he stated some reasons for the appointment of a receiver to receive, collect, and disburse the proceeds recovered from the stockholders for the benefit of the creditors. Shortly after filing this bill, he filed an application for the appointment of such receiver, setting forth additional grounds for the necessity of such an appointment. After a hearing and submission of the application, the court entered an order, inter alia, finding the bank to be insolvent and in receivership, a deficiency of assets requiring contribution from the stockholders, and a "probable" situation where the full 100 per cent. liability would be necessary. Also, the court found that the rights of the creditors against the stockholders constituted a trust wherein the creditors were the beneficiaries and there was no trustee. From this latter situation, the court found a necessity for appointing a trustee · to protect and realize the rights of the creditors. Further findings were to the effect that "probable" conditions existed requiring the appointment of a trustee to enforce these rights in that and other jurisdictions against stockholders variously situated. The result of these findings was the appointment of a "trustee-receiver," who was authorized to demand, receive, and enforce the collection of the double liability. From this order appointing the "trustee-receiver" the defendants appeal.

Appellee has filed a motion to dismiss this appeal. Various grounds therefor are set forth but it seems necessary to consider only one, as the motion must be sustained upon that ground. It is that the order appealed from is neither a final order nor is it within the provisions of section 227, title 28, US

CA, which permits an appeal from an interlocutory order "appointing a receiver."

It is obvious that this is not a final order and, if this appeal can lie, it must find its authority solely in the above section. This section must be construed as confined to the ordinary equity receiver, or to some similar official of statutory authority. The purpose of this section has been several times declared by the Supreme Court and various courts of appeals. Smith v. Vulcan Iron Works, 165 U. S. 518, 17 S. Ct. 407, 41 L. Ed. 810; Root v. Mills, 168 F. 688 (C. C. A. 7). That purpose is to relieve the parties from interlocutory orders affecting control over property. While it has been held that this section is remedial and should be liberally construed (Chicago Dollar Directory Co. v. Chicago Directory Co., 65 F. 463 [C. C. A. 7]), yet it is also held that the section is manifestly exceptional in character and the right to proceed under it should be clear. Shumaker v. Security Life, etc., Co., 159 F. 112 (C. C. A. 3); Robinson v. Belt, 56 F. 328 (C. C. A. 8).

It seems clear that, considering the situation in the present case, the purposes of this appointment, and the powers given (in the order) to this official, he cannot be regarded as the ordinary equity receiver. The order contemplates passing no control to him over any property of appellants pending the final determination of the controversy. If anything passes to him, under the order, it is simply a transfer of a right of action. While there are differences, he is more like the "quasi assignee and representative of the creditors," discussed in Converse v. Hamilton, 224 U. S. 243, at pages 255, 257, 32 S. Ct. 415, 418, 56 L. Ed. 749, Ann. Cas. 1913D, 1292, than an equity receiver. The mere designation of such an official as a "trustee-receiver,"

or even as a receiver alone, is, by no means, determinative of the rights of appeal under this section. The situation here is, in principle, quite parallel to that covered by the Circuit Court of Appeals for the Fifth Circuit (Gulf Refining Co. v. Vincent Oil Co., 185 F. 87), where an official who possessed but the powers of a master under his appointment was designated an "additional receiver," and where that court held an order appointing such an official was not within this section.

Concluding that this order is not within section 227, the motion to dismiss this appeal must be sustained on that ground.

BOOTH, Circuit Judge.

I dissent. The case was concededly an equity case. The court was of the opinion that a receiver would be an aid in carrying on the litigation. This is shown by the findings of the court in the order appointing the receiver.

Some of the powers purporting to be granted to the receiver may be of doubtful validity, but some of them are unquestionably valid. Because of the doubtful powers, the majority opinion takes the view that the receiver was not an ordinary equity receiver, and, therefore, that the order was not appealable under section 227, title 28, US CA.

Because of the undoubtedly valid powers granted, I think the receiver was an ordinary equity receiver, and that, therefore, the order was appealable under said section 227.

The question of the validity of the doubtful powers is not now before us for adjudication.

I think the motion to dismiss the appeal should be denied, and that the order appointing the receiver should be affirmed.