**RED STAR LABORATORIES CO. et al.**
**v. PABST.**
No. 6591.

Circuit Court of Appeals, Seventh Circuit.
Nov. 15, 1938.

Rehearing Denied Dec. 19, 1938.

2

Edward G. Berglund and Edward J. Hess, both of Chicago, Ill., for appellant.

Josiah McRoberts and Russell J. Mc-Caughey, both of Chicago, Ill., for appellees.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

On January 16, 1937, Red Star Laboratories Company (hereafter called Red Star), one of the appellees herein, obtained a judgment against Edmund Friedolin Pabst in a suit wherein Pabst was found to have fraudulently and maliciously violated plaintiffs' rights under the Federal Trade-Mark Act, 15 U.S.C.A. § 81 et seq. Divers writs and aliases were issued in an effort to collect said judgment, but without avail. For sometime the whereabouts of Pabst was unknown, but in October, 1937, he appeared in court and obtained a stay on the ground of illness. October 20, 1937, Red Star filed its creditor's bill against Edmund Friedolin Pabst and others, in which neither Emma Pabst, the appellant and wife of Edmund Friedolin Pabst, nor the insurance companies hereinafter mentioned, were parties. The bill recited the procurance of the judgment against Pabst, as above related, that an execution had been returned unsatisfied and upon information and belief that defendants named in the bill had some property, real, personal or mixed, in which Edmund Friedolin Pabst was interested and which should be delivered to a receiver to be appointed by the court for the benefit of the plaintiff. The complaint was afterwards amended, but at no time was there any allegation relating to any of the insurance policies in controversy.

October 29, 1937, Red Star filed a petition praying for the appointment of a receiver for said Edmund Friedolin Pabst. The petition contained allegations with reference to its judgment against Pabst and the unavailing effort which had been made to satisfy the same; that Pabst was then in the hospital in a precarious condition of health; that he was the owner of a substantial business known as the Pabst Chemical Company (a defendant named in the creditor's bill), and charged Pabst with an attempt to secrete his assets. It alleged the early demise, of Pabst as likely, and that the rights of the petitioner required that his assets be preserved. Upon this petition, the court, on the same day, without notice and without any requirement as to bond, appointed Paul C. Johnson as receiver for said Edmund Friedolin Pabst. November 10, 1937, the receiver filed a petition reciting that he had inspected the books and accounts in the possession of the Pabst Pharmaceutical Company and had made discovery that Edmund Friedolin Pabst was insured under divers policies of insurance in the following named companies: New York Life Insurance Company, Guardian Life Insurance Company of New York, Union Central Life Insurance Company, John Hancock Mutual Life Insurance Company and Provident Mutual Life Insurance Company. The number, date of issue, type and amount of each policy was given. The first of said policies was issued February 24, 1896, and the last August 25, 1916. The total amount of insurance, as disclosed by the petition, was $60,000 upon which Pabst had borrowed $40,380.65. The petition recited that the policies were in force; that Emma Pabst was named as the beneficiary in each of said policies and that the receiver was entitled to receive all equity existing in said policies. The petitioner prayed for an order directing each of said insurance companies to remove the name of Emma Pabst as beneficiary in said policies and to substitute therefore the name of Paul C. Johnson, as receiver, and for authority authorizing and directing the receiver to serve each of said life insurance companies with notice of such order. On the same day, without notice to any of said insurance companies or to Emma Pabst, the court entered an order as follows:

"This cause coming on to be heard on motion of Paul C. Johnson heretofore appointed Receiver herein for an order directing certain life insurance companies to change and amend insurance policies heretofore issued on the life of Edmund Friedolin Pabst, defendant herein, in order that the said Paul C. Johnson, as Receiver, may be the sole beneficiary thereof, and the court having considered the petition of the Receiver filed herein this day, and being fully advised in the premises,

"It Is Hereby Ordered that the New York Life Insurance Company, the Guardian Life Insurance Company of New York, Union Central Life Insurance Company, John Hancock Mutual Life Insurance Company, and Provident Mutual Life Insurance Company remove forthwith the name of Emma Pabst as beneficiary on all of the policies heretofore issued by the said life insurance companies on the life of Edmund Friedolin Pabst, and to insert as sole beneficiary of said life insurance policies the name of Paul C. Johnson, as Receiver.

"It Is Further Ordered that the said life insurance companies remove the name of any and all beneficiaries and substitute therefore Paul C. Johnson, as Receiver, in the following life insurance policies: (Naming each company, together with the number, date, type and amount of each policy.)

"It Is Further Ordered That Paul C. Johnson as Receiver be and is hereby directed to serve notice upon each and all of the several life insurance companies hereinabove mentioned by delivering to the said companies a copy of this order certified by the Clerk of this Court."

November 13, 1937, three days after the entry of said order, the court allowed leave to amend the creditor's bill so as to make Emma Pabst and each of said insurance companies, parties defendant, and this was done. Within thirty days from the time of the entry of the order of November 10, 1937, the Guardian Life Insurance Company filed its petition, joined in by Emma Pabst, to vacate said order of November 10, 1937. The motion was denied on January 8, 1938. It is from this order the appeal is taken.

Prior to the entry of said order, Emma Pabst, January 6, 1938, filed her verified answer to the amended bill of complaint, in which answer is set forth in detail the facts regarding each of the life insurance policies involved. December 27, 1937, an answer was filed by the Guardian Life Insurance Company, and January 7, 1938, the John Hancock Mutual Life Insurance Company filed a counter complaint of interpleader, and without the consent of Emma Pabst, the court directed said company to deposit the proceeds of its policy with the registry of the District Court. We are advised by counsel in their briefs that other of the insurance companies have either done likewise as to the amounts due upon the policies issued by them or are retaining said amounts under an order of court, pending the outcome of the litigation now in process in the District Court.

We are urged, notwithstanding the pending litigation in the District Court, as to who is entitled to the proceeds of these insurance policies, to make such determination on this appeal. This we are not disposed to do. In the first place, the record does not disclose all the proceedings in the court below, and to do so, would require us, not only to surmise what issue or issues are there presented, but to anticipate what issues might be presented before the court makes a final determination of the matter. If there was, however, any doubt in our minds as to how far we should go in determining the rights of the parties, it would be removed by the fact that there is no error assigned except that which has to do with the court's order of January 8, 1938, in refusing to vacate its order of November 10, 1937. Appellant, in urging that we pass upon the final merits of the controversy, evidently proceeds on the theory that a determination of the action of the court in its refusal to vacate its order of November 10, 1937, is conclusive as to the rights of the parties. What effect a decision on the instant question will have upon the issues now pending in the court below, or which may be presented before the controversy is finally terminated, is not for us to determine and we do not do so.

Heretofore a motion was made by appellees in this court to dismiss the appeal for lack of jurisdiction. The motion was denied without prejudice to the right of appellees to renew their motion and this they have done. It seems plain that our jurisdiction, if its exists, is by virtue of section 227, Title 28, U.S.C.A.

The order complained of was a positive command to each of the insurance companies to "remove forthwith the name of Emma Pabst as beneficiary * * * and

to insert as sole beneficiary of said life insurance policies the name of Paul C. Johnson as Receiver" and the order further required that each of the insurance companies be served with a copy of said order. Appellees argue that this is not an injunction or restraining order within the meaning of said Statute, but was merely one of an administrative character. With this contention we do not agree. It was a command unequivocal in its terms and there is no escape from the conclusion that it was a mandatory injunction. We have read the cases[1] cited by appellees and they are not in point.

We now give consideration to the action of the court in its refusal to vacate its order of November 10, 1937. There appears in the record a rather extended colloquy between court and counsel for the respective parties had at the hearing when appellant's motion to vacate the order of November 10, 1937, was denied, a reading of which discloses that there must have been considerable confusion and doubt in the mind of the court and of the various counsel, not only as to the purpose and effect to be given to such order, but its propriety. Both sides here quote from statements made at that time in support of their respective theories as to what was meant. We think, however, we can not determine the validity of an order from what was said with reference to it in court, but rather we must make our determination from the language of the order itself. In fairness to the District Court, we think it may be said that the evident purpose in the mind of the court was to preserve the status quo of the parties until the merits of the controversy could be finally determined. Ordinarily this, no doubt, is not only the right but the duty of a court in a receivership proceeding. Here, however, we have a situation where the court directed the change of the named beneficiary in each of the policies without notice to appellant, the named beneficiary, or the insurance companies, both of whom were parties to such contracts, and without any showing that Pabst had an interest in the same. It is urged that the receiver occupied the shoes of the debtor and had a right, by order of court, to take any step necessary to the preservation of the debtor's estate, which the debtor could have taken himself, and particularly, the court, in directing the change of beneficiaries, was merely doing that which the debtor could have done in his lifetime. This argument, even if sound, overlooks the fact that the court, at the time the order was entered, had nothing before it to show that the debtor himself could have taken such action. In other words, neither the creditor's bill nor the receiver's petition requesting the order here assailed contain any allegations direct or otherwise, that the debtor had any property interest in any of the policies, and on January 8, 1938, when the court denied appellant's motion to vacate, there was called to its attention from the pleadings on file, the fact that in three of the insurance policies appellant was designated as the irrevocable beneficiary from their inception and that in the remaining policies appellant was not only the original beneficiary but as to those, there was attached a waiver of the right to change the beneficiary, consented to by the insurance companies December 1, 1931. In discussing the rights of a judgment creditor with reference to a debtor's property, the court in Tumy v. Mayer, 289 Ill. 458, on page 460, 124 N.E. 661, on page 662 said: "A judgment creditor may acquire a lien on all such property by the filing of a bill in chancery, and have it applied to the satisfaction of his judgment. Hitt v. Ormsbee, 14 Ill. 233; Easton v. Board of Review, 183 Ill. 255, 55 N.E. 716. Manifestly, a creditor can have no greater right to money or property than the debtor would have, and to constitute a thing in action there must be a fixed present right of the owner to recover the money or property in an action in his own name."

It would seem, under the circumstances disclosed, although not necessary for us to decide, that the insurance companies would have had no legal right to make such change, even had Pabst in his lifetime, so directed. The effect of the order was to alter rather than preserve the status quo.

It apparently is the position of appellees that their rights could only be protected by a change of beneficiaries before the

[1] Shumaker v. Security Life & Annuity Co., 3 Cir., 159 F. 112; Public Service Co. of Pa. v. Philadelphia Rapid Transit Co., 3 Cir., 82 F.2d 481, 486, Bothwell v. Fitzgerald, 9 Cir., 219 F. 408, 414, Werner v. Zintmaster, 3 Cir., 77 F. 2d 74, Martin v. Partridge, 8 Cir., 64 F. 2d 591, Highland Ave & Belt Railroad Co. v. Columbian Equipment Co., 168 U.S. 627, 630, 18 S.Ct. 240, 42 L.Ed. 605.

death of Pabst, and that in view of his severe illness, the court was presented with an emergency which required it to act forthwith, but in our judgment, the situation did not justify such precipitate action.

We think the court erred in its refusal to vacate the order of November 10, 1937, and the cause is reversed for such purpose. Costs of this appeal taxed to appellees.