## BOSTWICK *v.* BRINKERHOFF.

A judgment of reversal by a State court, with leave for further proceedings in the court of original jurisdiction, is not subject to review here.

MOTION to dismiss a writ of error to the Court of Appeals of the State of New York.

The case is stated in the opinion of the court.

*Mr. J. Hervey Cook* in support of the motion.

*Mr. E. L. Francher, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit begun in the Supreme Court of the State of New York by a stockholder in a national bank against the directors, to recover damages for their negligence in the performance of their official duties. A demurrer was filed to the complaint, which raised, among others, the question whether such an action could be brought in a State court. The Supreme Court at special term sustained the demurrer and dismissed the complaint. This judgment was affirmed at general term. An appeal was then taken to the Court of Appeals, where it was ordered and adjudged "that the judgment of the general term . . . be . . . reversed and judgment rendered for plaintiff on demurrer with costs, with leave to the defendants to withdraw the demurrer within thirty days, on payment of costs, . . . and to answer the complaint." It was also further ordered that the record and the proceedings in the Court of Appeals be remitted to the Supreme Court, "there to be proceeded upon according to law." From this judgment of the Court of Appeals a writ of error was taken to this court, which the defendant in error now moves to dismiss because the judgment to be reviewed is not a final judgment.

The rule is well settled and of long standing that a judgment or decree to be final, within the meaning of that term as used in the acts of Congress giving this court jurisdiction on appeals and writs of error, must terminate the litigation between the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but

to execute the judgment or decree it had already rendered. *Whiting* v. *Bank of United States*, 13 Pet. 6 ; *Forgay* v. *Conrad*, 6 How. 201 ; *Craighead* v. *Wilson*, 18 id. 199 ; *Beebe* v. *Russell*, 19 id. 283 ; *Bronson* v. *Railroad Company*, 2 Black, 524 ; *Thomson* v. *Dean*, 7 Wall. 342 ; *St. Clair County* v. *Lovingston*, 18 id. 628 ; *Parcels* v. *Johnson*, 20 id. 653 ; *Railroad Company* v. *Swasey*, 23 id. 405 ; *Crosby* v. *Buchanan*, id. 420 ; *Commissioners* v. *Lucas*, 93 U. S. 108.   It has not always been easy to decide when decrees in equity are final within this rule, and there may be some apparent conflict in the cases on that subject, but in the common-law courts the question has never been a difficult one.   If the judgment is not one which disposes of the whole case on its merits, it is not final.   Consequently it has been uniformly held that a judgment of reversal with leave for further proceedings in the court below cannot be brought here on writ of error.   *Brown* v. *Union Bank*, 4 How. 465 ; *Pepper* v. *Dunlap*, 5 id. 51 ; *Tracy* v. *Holcombe*, 24 id. 426 ; *Moore* v. *Robbins*, 18 Wall. 588 ; *McComb* v. *Knox County*, 91 U. S. 1 ; *Baker* v. *White*, 92 id. 176 ; *Davis* v. *Crouch*, 94 id. 514.   This clearly is a judgment of that kind. The highest court of the State has decided that the suit may be maintained in the courts of the State.   To that extent the litigation between the parties has been terminated, so far as the State courts are concerned ; but it still remains to decide whether the directors have in fact been guilty of the negligence complained of, and, if so, what damages the stockholders have sustained in consequence of their neglect.   The Court of Appeals has given the defendants leave to answer the complaint, and the trial court has been directed to proceed with the suit accordingly.   Such being the case, it can in no sense be said that the judgment we are now called on to review terminates the litigation in the suit.

*Writ dismissed.*