## BENJAMIN'S Heirs *v.* DUBOIS, Administrator.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued April 14, 1886.—Decided April 15, 1886.

A will having been proved in Missouri, a copy thereof and of the probate were admitted to record in the District of Columbia and letters testamentary granted. In subsequent proceedings respecting the distribution of property found in the District, a question arose as to the domicil of the testator. After hearing testimony, the Supreme Court of the District decided at special term that "his domicil was in the city of Washington," and "this court has original jurisdiction in the matter of his estate," which was on appeal affirmed. *Held,* That this was not a final judgment within the meaning of the acts of Congress giving this court jurisdiction on appeals or writs of error.

*Bostwick* v. *Brinkerhoff,* 106 U. S. 3, affirmed and applied.

The case, which is stated in the opinion of the court, arose on a motion to dismiss which was filed to be heard with the hearing on the merits. After commencement of the argument on the merits, the court ordered the motion to dismiss to be first heard.

*Mr. A. S. Worthington* for the motion.

*Mr. S. S. Henkle* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

When this case was called for argument a motion to dismiss was interposed, because the decree appealed from was not a final decree in the suit. The facts are these:

On the 8th of March, 1877, John F. Benjamin died in the District of Columbia, leaving a will by which he gave to his adopted daughter, Mrs. Guy H. Allen, the wife of James M. Allen, all his interest in the partnership of Bigelow and Benjamin, all debts owing to him by persons residing in the District of Columbia, and all real estate owned by him in the District of Columbia. He also gave to George C. B. Rowan $100, and to his wife all his property in Missouri, $12,000 in District of Columbia six per cent. gold bonds, and other property. Joshua M. Ennis was named as executor, so far as the

property in Missouri was concerned, and George Truesdell was appointed to wind up business in the District of Columbia. Previous to the year 1874 Benjamin had resided in Missouri. During that year he went to Washington, in the District of Columbia, where he engaged in business with Otis Bigelow, and remained until his death. The will was first admitted to probate in Missouri, and letters testamentary granted to Ennis. A copy of the will and of the proof and probate thereof in Missouri were admitted to record in the Supreme Court of the District of Columbia, on the 5th of June, 1877, and letters testamentary granted to Truesdell of all the personal property in the District. Truesdell thereupon proceeded with the settlement of the estate in the District of Columbia, and on the 5th of January, 1880, Mrs. Allen and Rowan filed their petition in the Supreme Court of the District, setting forth that all debts had been paid, and praying that Truesdell be directed to pay to Rowan his legacy in full, and to Mrs. Allen so much of that to her as he might have in his possession. Notice of the filing of this petition was given to Truesdell, to Ennis, the Missouri executor, and to the heirs of Benjamin. Truesdell and George H. Benjamin, one of the heirs, answered, and in the answer of Benjamin the defence was made that the legal domicil of John F. Benjamin at the time of his death was in Missouri, where the validity of the will was being litigated, and not in the District of Columbia, and that no distribution of the estate in the District should be ordered in this proceeding until the litigation in Missouri was ended. Upon the question of the actual domicil of the testator much testimony was taken, and on the 28th of February, 1880, the court, after full hearing, decided that his domicil "was the city of Washington, in the District of Columbia," and ".that this court has original jurisdiction in the matter of his estate." An entry to this effect was made at special term, and George H. Benjamin thereupon took an appeal to the general term. Afterwards a final decree was entered, notwithstanding this appeal, approving the accounts of Truesdell, and directing him to pay over the funds in his hands as provided for in his account. This order George H. Benjamin moved to set aside, but his motion was denied, and

afterwards the court at general term affirmed the decree of the 28th of February, 1880, and from that decree this appeal was taken.

As was said in *Bostwick* v. *Brinkerhoff*, 106 U. S. 3, "the rule is well settled and of long standing that a judgment or decree to be final, within the meaning of that term as used in the acts of Congress giving this court jurisdiction on appeals or writs of error, must terminate the litigation between the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree which had been rendered."

The effect of the appeal below from the special to the general term was to take to the general term for review only the finding of the special term upon the question of domicil. Consequently the appeal from the general term to this court brings up nothing more. The suit was for the money in the hands of Truesdell given to Rowan and to Mrs. Allen by the will, and the litigation between the parties is not ended until a decree to that effect is entered. The jurisdiction of the court to make the decree seems to have been thought to depend on the fact of the domicil of the testator in Washington at the time of his death. The finding that such was his domicil settled the disputed question of jurisdiction, but it did not decree the payment of any money, which was the only purpose of the suit. It opened the way to that end, but nothing more. If we should affirm the decree as it stood when the appeal from the special term to the general term was taken, there would be no order of the court to carry into execution. No relief had then been granted the petitioners. All the court had then decided was that it had jurisdiction and power to order the payment of the money which was prayed for. It follows that we have no jurisdiction, and

*The motion to dismiss is granted.*