## MYERS v. KESSLER.

(Circuit Court of Appeals, Third Circuit. January 18, 1906.)

### No. 33.

1. WRIT OF ERROR—MATTERS REVIEWABLE—RULING ON MOTION FOR CONTINUANCE.

The ruling of a trial court on a motion for a continuance is not reviewable unless an abuse of discretion is shown.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3837.]

2. SAME—RULING ON MOTION FOR NEW TRIAL.

The ruling on a motion for new trial is discretionary, and not reviewable in the federal courts.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 3860–3865.]

3. BILLS AND NOTES—DEFENSES—INNOCENT PURCHASER.

In·an action on promissory notes regular on their face, and shown to have been purchased by plaintiff before maturity for value, and without notice of infirmity, it is not a legal defense that they were executed on Sunday or on account of a stock gambling transaction.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, §§ 974, 975.]

In Error to the Circuit Court of the United States for the District of New Jersey.

The following is the opinion in the Circuit Court by Cross, District Judge, in motion for new trial:

Application is made to set aside a verdict on the grounds of surprise and merits. At the hearing of the rule it was stipulated in writing by counsel for the parties that the testimony taken in the Court of Chancery of New Jersey, in a cause wherein Charles R. Myers was complainant and S. M. Friedenburg et al. were defendants, before the Honorable Martin P. Grey, Vice Chancellor, should be taken and considered by the court as if taken under the rule to show cause herein. I have read the testimony referred to, and have reached the conclusion that the plaintiff herein took the notes in question, which were regular upon their face, before maturity, in good faith and for value, and without notice of any defenses thereto. Under these circumstances the alleged defenses could not be maintained. Indeed, I may go further, and say that even in a suit between the maker and payee I do not think the defenses, if interposed, would or ought to succeed. The testimony taken before the Vice Chancellor attempted to show that the notes were given on Sunday and on account of a stock-gambling transaction. As to the latter defense, there is no evidence whatever which, under the decisions, would warrant a verdict for the defendants, and as to the former the evidence against it clearly preponderates. The most that can be said in its favor is that there would be sufficient evidence were the suit between the original parties to the notes to compel its submission to a jury. I therefore deny the motion to set aside the verdict without giving consideration to the question of surprise.

What has been said, however, only applies to the defendant Charles R. Myers. As to him I think the verdict should stand, but as to the defendant John Myers, who is only liable as an indorser of the notes, the verdict should be set aside. At the trial the court did not understand, from the opening of counsel or otherwise, that the suit was against any other than the defendant Charles R. Myers, or the verdict would not have been allowed to go against the indorser, John Myers. There was no notice of protest given to this defendant, so far as the evidence discloses. The fact that a certificate of protest was appended to the notes when offered in evidence was not sufficient. Counsel for the plaintiff contends that the verdict against the indorser can be sustained as if it were a judgment by default, but this is not so. The defendant John Myers had filed his plea, and this put the plaintiff to the proof of his case, independently of whether or not the defendant appeared at the trial.

An order setting aside the verdict will be entered as to the defendant John Myers, and discharging the rule to show cause as to the defendant Charles R. Myers.

C. L. Cole, for plaintiff in error.

R. O. Moon, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. There are three specifications of error in this case. By the first of them it is averred that the learned judge erred in refusing to postpone the trial upon the request of the defendant below, who is the plaintiff here. But motions for continuance or delay are addressed to the sound discretion of the trial court, and if the denial of them be in any case reviewable, there certainly is nothing in the circumstances of this one to induce a departure from the ordinary practice of appellate tribunals, which is to refrain from interference with the determination of such applications by the courts of first instance. We think that the motion now in question was properly overruled; but, even if we entertained a doubt upon that subject,

yet, for the reason we have stated, the first specification would be dismissed. The learned judge was right in denying a new trial; but it is enough to say of the second specification that his refusal to grant one was not assignable for error. Therefore that specification likewise is dismissed.

The only other specification is that "the court erred in its opinion, in that it held that the testimony before it did not show that defendant had a meritorious defense to the action as against the plaintiff." The opinion here referred to is that which was delivered in refusing a new trial; and, having already said that such refusal was not itself assignable for error, it can hardly be necessary for us to add that the opinion in support of it is not reviewable. It is, however, perfectly clear that no legal defense to the action was made out. The suit was brought upon promissory notes, and the defense was that they had been given on Sunday and on account of a stock-gambling transaction. But the notes were regular upon their face, and the plaintiff had purchased them in good faith and for value, before their maturity, and without notice of any defense whatever.

The judgment of the Circuit Court is affirmed.