# RACHEL A. RICHARDSON, CLAIMING TO BE RACHEL A. BROWN, *v.* MARY S. REEVES.

### APPEALS; INTERLOCUTORY ORDERS; WILLS.

An order of the probate court confirming the verdict of a jury adverse to the caveator, on an issue framed by that court to determine whether the caveator was lawfully married to the decedent, is an interlocutory order, and not appealable, where the caveator in her caveat claimed to be the lawful widow of the decedent, and also the beneficiary under a prior will. (Following *Dugan* v. *Northcutt*, 7 App. D. C. 351.)

No. 2047.    Submitted October 13, 1909.    Decided November 2, 1909.

HEARING on a motion by the appellees to dismiss an appeal.
                                             *Granted.*

The COURT in the opinion stated the facts as follows:

This is an appeal from an order of the supreme court of the District, sitting as a probate court, confirming the verdict of a jury that Rachael A. Richardson, claiming to be Rachael A. Brown, was not lawfully married to John A. Brown, deceased.

The facts, so far as they are applicable to the motion to dismiss filed by appellees, are as follows: Brown died in the District of Columbia on August 17, 1908. On August 31 of the same year appellees, as executor and executrix, filed a petition in the supreme court of the District for the probate of the alleged last will and testament of said Brown. This instrument was dated December 23, 1907. Thereupon appellant filed a caveat to said will, claiming to be the lawful widow of said Brown. In this caveat mental incompetency, undue influence, and fraud are alleged. Subsequently appellant filed an amendment to said caveat, in which amendment she averred, *inter alia,* that "said John A. Brown left a last will and testament dated November 26, 1907," naming petitioner as executrix and sole beneficiary of said will, a copy of which she attached to her amended caveat, and which she stated had been duly filed for probate.

The sister and next of kin of said Brown also filed a caveat to said will of December 23, 1907. Thereafter, upon petition of the appellees, a preliminary issue was framed for the jury, having for its object the determination of the question whether the appellee was lawfully married to said Brown. This issue, by direction of the court, was determined in the negative. Appellant, after a denial of her motion in arrest of judgment and for a new trial, prosecuted this appeal from the order of the court confirming said verdict of the jury.

*Mr. Reuben O. Moon, Mr. Benjamin H. Schwartz,* and *Mr. Milton Strasburger* for the motion.

*Mr. Tracy L. Jeffords, Mr. Joseph Salomon,* and *Mr. James T. Hunter* opposed.

' *Mr. James A. O'Shea* filed a brief as *amicus curiæ.*

Mr. Justice ROBB delivered the opinion of the Court:

The appellees insist that the order appealed from is not such a final order, judgment, or decree of the supreme court of the District, or of any justice thereof, as may be brought to this court for review under the law of its creation. (27 Stat. at L. 434, chap. 74.)

The subject-matter in controversy before the trial court was the validity of the will of John A. Brown. In the caveat as originally filed by appellant, she based her right to prosecute the contest upon her status as the lawful widow of said Brown. In her caveat as amended, however, she refers to the prior will by said Brown in her favor, and to the fact that she has petitioned for the probate of that instrument. The determination against her of the question whether she is the lawful widow of said Brown does not terminate the contest between the parties on the merits of the case. The order appealed from is merely interlocutory; and does not even settle the question of the right of appellant still further to object to the allowance of said will. It is but a step in the proceedings, and, as above stated, by no means puts an end to the controversy between the parties.

In *Dugan* v. *Northcutt,* 7 App. D. C. 351, the legitimacy of the caveator, who claimed to be the only child and heir at law of the deceased, was challenged on the question of his right to file a caveat. On appeal to this court it was held that the question was purely interlocutory, and that "however desirable it may be to have a final determination of this special question, we are unable to find any authority in the law that would give us the right to pass upon the question at this time."

*Benjamin* v. *Dubois,* 118 U. S. 46–48, 30 L. ed. 52, 6 Sup. Ct. Rep. 925, arose on a motion to dismiss an appeal from a decree that the domicil of the testator was in the city of Washington, and that the court had original jurisdiction in the matter of his estate. The court said: "The finding that such was his domicil settled the disputed question of jurisdiction, but it

did not decree the payment of any money, which was the only purpose of the suit. It opened the way to that end, but nothing more." See also: *Life & Fire Ins. Co.* v. *Adams,* 9 Pet. 571–601, 9 L. ed. 233–244; *Van Ness* v. *Van Ness,* 6 How. 62–67, 12 L. ed. 344–346; *Bostwick* v. *Brinkerhoff,* 106 U. S. 3, 27 L. ed. 73, 1 Sup. Ct. Rep. 15.

The order appealed from may or may not lead to the allowance of said will. Since that is the real question in controversy between the parties, it follows that the determination by us at this time of the question involved in this appeal would be premature, and not decisive of the real question in issue.

The motion to dismiss must therefore be granted with costs, and it is so ordered.                                              *Granted.*

An application by the appellant for an appeal and writ of error to the Supreme Court of the United States was denied by this court November 19, 1909. Thereafter on application to the chief justice of that court a writ of error was allowed, and it was issued November 29, 1909. Subsequently it was dismissed in that court on motion of the plaintiff in error.