JORGE V. DOMÍNGUEZ ET AL., Plaintiffs and Appellants, *v.* RAFAEL FABIÁN-FABIÁN, Defendant and Appellee.

No. 3839.   Argued March 28, 1927.—Decided April 7, 1927.

*Jorge V. Domínguez* and *F. Soto Gras* for the appellants.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 29th day of November, 1926, this court rendered a judgment affirming the judgment of the District Court of San Juan bearing date August 17, 1925. On the 8th of December, 1926, the losing parties, who were the appellants in this court, filed a motion for reconsideration. On the 3rd of February, 1927, the motion for reconsideration was overruled. The complainants and appellants on the 19th of March, 1927, filed a writing in which they appealed from the judgment of this court, filed an assignment of errors, asked that the bond should be fixed and also asked that a citation should be issued to the defendant and appellee. Noticing that our judgment bore date November 29, 1926, and that the appeal was taken on the 19th of March, 1927, a question arose whether the said appeal was not taken too late and we set a day for hearing argument in this regard. The appellants alone appeared. It would appear that the mandate of our judgment was sent to the District Court of San Juan on the 4th of February, 1927.

It was conceded that the appeal was taken alone from the judgment of November 29, 1926, and also necessarily that

the time of taking the appeal was more than three months from the date of said judgment.

The Act of Congress of February 13, 1925, known as the Jurisdictional Act, in subsection 8 (*c*) of section 238, provides:

"No writ of error or appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree."

From the reading of this section it would appear to be plain that an appeal must be taken from a judgment within three months after its entry in this court.

The appellants, however, as we understand them, maintain that by reason of the filing of the motion for reconsideration and the withholding of the mandate to the district court our judgment did not acquire a final character until later. In other words, that the judgment of this court only became final when the mandate issued to the district court.

The Jurisdictional Act, *supra,* in section 128 (*a*) says:

"The Circuit Courts of Appeal shall have appellate jurisdiction to review by appeal or writ of error final decisions * * *. 4.—In the Supreme Courts of the Territory of Hawaii and of Porto Rico in all cases, civil or criminal, etc.: in all other civil cases wherein the value in controversy, exclusive of interest and costs, exceeds $5,000 * * *."

In *Bostwick* v. *Brinkerhoff,* 106 U. S. 3, the Supreme Court, through Mr. Chief Justice Waite, says:

"The rule is well settled and of long standing that a judgment or decree, to be final within the meaning of that term as used in the Acts of Congress giving this court jurisdiction on appeals and writs of error, must terminate the litigation between the parties on the merits of the case, so that, if there should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree it had already rendered." Citing cases.

Later cases of the U. S. Supreme Court follow this definition.

Similar definitions or slightly different ones may be found

in 3 C. J. 441 *et seq.* Perhaps a definition most favorable to the appellants there set out would be that a final judgment is one "which so terminates the litigation between the parties that it may be enforced by rule of execution." The examination of the authorities, however, convinces us that the courts in giving these definitions are referring to the possibility of execution when the mandate is actually sent back to the lower court for execution. In other words, that the finality of the judgment depends not upon its possibility of execution at the moment of its being rendered, but the possibility of its being executed when, in point of fact, it is sent back to the lower court.

The authorities show that the question of the retention of the mandate is one of jurisdiction, that is, that the appellate court has complete power over the judgment until actually remanded, so that it can be reconsidered or modified, and that the lower court re-acquires jurisdiction when the mandate goes back.

It is shown in 4 C. J. 641, that the effects of filing a petition for a rehearing does not of itself operate as a stay of the mandate, nor does it have the effect of a supersedeas. Among others is the case of *Zeuske* v. *Zueske,* 55 Or. 65, 87, 103 P. 648, 105 P. 249, Ann. Cas. 1912A 557, that holds that the judgment is final from the moment it is rendered.

Under the definitions a judgment of this court is final if, when sent back to the lower court, it is immediately executionable and leaves nothing to be done by the court or the parties otherwise than the said execution of it. It is, hence, such a final judgment from the date it is rendered and filed in this court. To hold otherwise would neutralize or paralyze the rights of parties. A complainant, for example, who was anxious to obtain a judgment when the decision of this court had been adverse to him and final in form, could not press a review of his case immediately, but would have to wait until the mandate was actually sent to the lower court. Similarly, this court could never know when its own judg-

ment was final until it received a certificate from the lower court that the mandate had actually arrived. It would be self-contradictory, for example, that a judgment should not be considered final when an appellant had given a supersedeas bond to stop its execution.

The authorities tend to show that a motion for reconsideration merely suspends the judgment. Its character as a final judgment is not affected thereby.

Let us suppose another case. Both parties are desirous of appealing from a judgment of this court eventually. One of the parties, however, files a motion for a reconsideration. If the contention here urged is sound, then the other party could not appeal until the motion for a reconsideration was disposed of, because until then the judgment had not acquired a final character.

The appellants do not cite any authorities which show that a judgment so rendered by this court is not final, and we have found none. On the contrary, however, in No. 2720, Criminal, the case of *People of Porto Rico* v. *Clemente,* a similar question appears to have been raised. In that case the judgment of this court was rendered on the 26th of June, 1926, but the mandate was not sent down from this court until the 6th of July, 1926. The appeal was taken on September 28, 1926. The appeal came too late if the date of June 26th was to be considered and was in time if the 6th of July was the day when the judgment became final. The question was argued before this court and a writ of error denied on the 4th of November, 1926.

Allowance of an appeal will be denied.