JORGE V. DOMÍNGUEZ, FRANCISCO SOTO GRAS, ANTONIA Q. VDA. DE QUIÑONES, JOSÉ RAMÓN QUIÑONES, SEGISMUNDO QUIÑONES, JUANA MANUELA RODRÍGUEZ DE WILLOUGHBY, PALMIRA MACCORMICK DE SCHUCK, DIONISIO TRIGO y ÁLVARO TRIGO, demandantes y apelantes, *v.* RAFAEL FABIÁN FABIÁN, demandado y apelado.

No. 3839.—*Visto:* Marzo 28, 1927. *Resuelto:* Abril 7, 1927.

1. CORTES—CORTES DE LOS ESTADOS UNIDOS—CORTES DE CIRCUITO DE APELACIONES —APELACIONES PARA ANTE DICHAS CORTES—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA—TÉRMINO PARA APELAR—EFECTO DE MOCIÓN DE RECONSIDERACIÓN.—De acuerdo con el inciso 8 de la Ley del Congreso de febrero 13, 1925, una apelación para ante la Corte de Circuito de Apelaciones debe interponerse dentro de los tres meses de haber sido dictada sentencia por el Supremo, sin que el hecho de haberse radicado moción de reconsideración y el de haber retenido el envío del mandato a la corte inferior afecten el carácter final de dicha sentencia desde que se dictó.

2. CORTES—CORTES DE LOS ESTADOS UNIDOS—CORTES DE CIRCUITO DE APELACIONES —APELACIONES PARA ANTE DICHAS CORTES—DECISIONES SUJETAS A REVISIÓN —FINALIDAD DE LA RESOLUCIÓN—SENTENCIAS FINALES.—Una sentencia del Supremo es final desde el momento en que se dicta y anota en dicha corte, sin que la retención del mandato ni la radicación de una moción de reconsideración afecten el carácter final de aquella desde que se dictó.

SOLICITUD de apelación, de la Corte de Circuito de Apelaciones para el Primer Circuito de.los Estados Unidos, a la Corte Suprema de Puerto Rico. *Sin lugar.*

*Jorge V. Domínguez* y *F. Soto Gras,* abogados de los apelantes.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El día 29 de noviembre de 1926 esta corte dictó sentencia confirmando la de la Corte de Distrito de San Juan fechada agosto 17, 1925. El 8 de diciembre de 1926 las partes que perdieron el pleito, quienes fueron los apelantes ante esta corte, radicaron una moción de reconsideración. El 3 de febrero de 1927 la moción de reconsideración fué declarada sin lugar. Los demandantes y apelantes radicaron en 19 de marzo, 1927, un escrito apelando de la sentencia de esta corte, acompañado de un señalamiento de errores, y solicitaban que se fijara fianza y se expidiera la citación correspondiente, dirigida al demandado y apelado. Habiendo notado que nuestra sentencia estaba fechada el 29 de noviembre de 1926 y que el escrito de apelación fué radicado el 19 de marzo de 1927, surgió la cuestión de si dicha apelación no fué interpuesta demasiado tarde, y se señaló un día para oir los argumentos de las partes sobre este particular. Solamente los apelantes comparecieron. Según aparece, el mandato de esta corte fué enviado a la Corte de Distrito de San Juan el 4 de febrero de 1927.

Se admitió que se apelaba únicamente de la sentencia dictada en noviembre 29, 1926, así como que necesariamente el tiempo en que se había radicado la apelación excedía de tres meses a partir de la fecha en que se dictó dicha sentencia.

[1, 2] La ley del Congreso de febrero 13, 1925, conocida por Ley Jurisdiccional, en el inciso 8 *c* del artículo 238 dispone lo siguiente:

"No se concederá ningún recurso de error o de apelación que trate de elevar una sentencia o decreto ante una corte de circuito

de apelaciones para su revisión, a menos que el mismo sea solicitado debidamente dentro de los tres meses de dictarse tal sentencia o decreto."

De la lectura de este inciso se desprende claramente que debe interponerse recurso de apelación contra una sentencia dentro de los tres meses de haber sido dictada por esta corte. Sin embargo, según entendemos, los apelantes sostienen que por haber radicado la moción de reconsideración y por haberse retenido el envío del mandato a la corte de distrito, la sentencia de esta corte no adquirió carácter final hasta después. En otras palabras, que la sentencia de esta corte solamente tuvo carácter final cuando se comunicó el mandato a la corte de distrito.

La Ley Jurisdiccional, *supra,* en su artículo 128 (*a*) dice:

"Las Cortes de Circuito de Apelaciones tendrán jurisdicción apelativa para revisar por medio de apelación o de recurso de error decisiones finales . . . 4. De las Cortes Supremas de los territorios de Hawaii y Puerto Rico en todos los casos civiles y criminales, etc.; en otros casos civiles en que la cuantía envuelta, excluyendo intereses y costas, exceda de $5,000. . ."

En el caso de *Bostwick* v. *Brinkerhoff,* 106 U. S. 3, la Corte Suprema de los Estados Unidos, por voz del Juez Presidente Sr. Waite, dijo:

"Es regla bien establecida desde hace tiempo que para que una sentencia o decreto sea final dentro del significado de esa palabra, según se usa en las leyes del Congreso que dan jurisdicción a esta corte sobre apelaciones y recursos de error, debe terminar el litigio entre las partes sobre los méritos del caso, de suerte que si se confirma el caso, la corte inferior no tiene otra cosa que hacer que ejecutar la sentencia o decreto previamente dictado." Se citan casos.

Casos posteriores de la Corte Suprema de los Estados Unidos siguen esta definición.

Definiciones similares o ligeramente distintas pueden encontrarse en 3 C. J. 441 *et seq.* Quizá la definición más

favorable a los apelantes que allí aparece es que una sentencia final es aquella "que termina el litigio entre las partes en tal forma que puede hacerse cumplir por medio de ejecución." Sin embargo, un examen de las autoridades nos convence de que las cortes al dar tales definiciones se refieren a la posibilidad de ejecutar las sentencias cuando se envía el mandato a la corte inferior para su ejecución. En otras palabras, el carácter final de la sentencia depende no de la posibilidad de ejecutarlas en el momento de dictarse, sino de la posibilidad de ejecutarse cuando en realidad de verdad se envían a la corte inferior.

Las autoridades demuestran que la cuestión de retener un mandato es una de jurisdicción, o sea, que la corte superior tiene completo dominio sobre la sentencia hasta que la ha comunicado a la corte inferior, de suerte que puede reconsiderarla o modificarla, y que la corte inferior adquiere nueva jurisdicción cuando se le devuelve el mandato.

En 4 C. J. 641 aparece que el radicar una moción de reconsideración no tiene por sí solo el efecto de suspender el envío del mandato, ni tiene los efectos de un *supersedeas.* Entre otros está el caso de *Zeuske* v. *Zeuske,* 55 Or. 65, 67, 103 P. 648, 105 P. 249, Ann. Cases 1912 A 557, que resuelve que la sentencia es final desde el momento que se dicta.

Según las definiciones, una sentencia de esta corte es final, si al ser enviada a la corte inferior, inmediatamente puede ejecutarse y la corte o las partes no tienen que hacer otra cosa que ejecutarla. Por tanto, es una sentencia final desde el momento en que se dicta y se anota en esta corte. Resolver lo contrario neutralizaría o paralizaría los derechos de las partes. Por ejemplo, un demandante que esté ansioso de obtener sentencia cuando la decisión de esta corte le ha sido adversa y tiene forma final, no podría tratar de obtener una revisión del caso inmediatamente, sino que ten-

dría que esperar hasta que el mandato se enviara a la corte inferior. Igualmente, esta corte nunca sabría cuándo sus propias sentencias serían finales hasta que recibiera un certificado de la corte inferior de haber recibido el mandato. Por ejemplo, sería por sí mismo contradictorio si no se considerara una sentencia final cuando un apelante ha prestado una fianza de *supersedeas* para suspender su ejecución.

Las autoridades tienden a demostrar que una moción de reconsideración, meramente suspende la sentencia. El carácter final de la sentencia no es afectado por la misma.

Supongamos otro caso. Ambas partes están deseosas de apelar eventualmente de una sentencia dictada por esta corte. Una de las partes, sin embargo, radica una moción de reconsideración. Si la contención así levantada es correcta, entonces la parte contraria no podría apelar hasta que la moción de reconsideración fuese resuelta, porque hasta entonces la sentencia no habría adquirido carácter final.

Los apelantes no citan autoridad alguna para demostrar que una sentencia así dictada por esta corte no sea final, y no hemos hallado ninguna. Sin embargo, por el contrario, en el caso criminal No. 2720, titulado *El Pueblo de Puerto Rico* v. *Clemente,* parece haberse levantado una cuestión similar. En dicho caso la sentencia fué dictada por esta corte en 26 de junio de 1926, y el mandato no fué enviado a la corte inferior hasta el 6 de julio de 1926. La apelación fué radicada en septiembre 28, 1926. Se apeló demasiado tarde si se empezaba a contar desde junio 26, y en tiempo si se contaba desde el 6 de julio como la fecha de la sentencia final. La cuestión fué discutida ante esta corte y en 4 de noviembre de 1926 se denegó la admisión de un recurso de error.

*Debe denegarse el recurso de apelación.*