## WEAVER v. ATLAS OIL CO. et al.
### No. 5637.

Circuit Court of Appeals, Fifth Circuit.
April 11, 1930.

Rehearing Denied May 12, 1930.

See, also, 31 F.(2d) 484.

L. O. Pecot and J. Sully Martel, both of Franklin, La. (Harvey G. Fields, of Farmersville, La., and Robert J. O'Neal, of Shreveport, La., on the brief), for appellant.

J. S. Atkinson, F. E. Greer, W. Scott Wilkinson, and C. Huffman Lewis, all of Shreveport, La. (A. L. Burford, of Shreveport, La., on the brief), for appellees.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

This is an appeal from an order of the District Court of the United States for the Western District of Louisiana transferring the cause from the law to the equity side of the docket of the court. The action was one at law for damages and for the cancellation of a contract of lease and for the restoration of plaintiff to the possession of the leased premises. A motion to dismiss the appeal, because the order appealed from is not a final judgment, is presented, and we think must prevail. The order is neither a final order, nor is it an interlocutory order of the class from which an appeal lies under section 129 of the Judicial Code (section 227, title 28, USCA). The order is not a final judgment. Gas & Electric Securities Co. v. Manhattan, etc., Corp. (C. C. A.) 266 F. 632; Bostwick v. Brinkerhoff, 106 U. S. 3, 1 S. Ct. 15, 27 L. Ed. 73.

Errors are assigned also to an order made January 3, 1929, dismissing the claim against two nonresident corporation defendants for want of jurisdiction, the suit having been brought in a district not the district of the residence of either the plaintiff or the nonresident defendants. We need not consider this order on the merits. It is not the one appealed from; the one appealed from is dated May 8, 1929, and it, not being a final judgment, would not support an assignment of error, predicated on another and different order. The order is itself not final; indeed, appears to be merely an opinion of the court, and not an order at all. If an order, it is not one finally disposing of the cause as to the plaintiff or any of the defendants. If final, the appeal was taken more than ninety days from the date of the order, and should be dismissed for lack of jurisdiction.

The motion to dismiss the appeal is well taken, and the appeal is dismissed, and it is so ordered.