## WERNER v. ZINTMASTER.
### No. 5498.

Circuit Court of Appeals, Third Circuit.
March 28, 1935.

John A. Metz, Jr., Wm. C. McClure, and John A. Metz, all of Pittsburgh, Pa., for appellant.

James Milholland, of Pittsburgh, Pa. (Alter, Wright & Barron, of Pittsburgh, Pa., of counsel), for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

This is another chapter of litigation which, having its rise in a pure gamble, seems fated to run a long course.

Zintmaster agreed to sell and Werner agreed to buy a tract of land in Florida. Werner made a down payment but, the boom having broken, refused to pay the remaining installments. Zintmaster without title and after profert of an invalid deed sued Werner for the balance of the consideration.

Three trials before a jury were had. At each Zintmaster, the plaintiff, tried progressively to acquire, perfect and prove his title. At each of the first two there was a directed verdict for the plaintiff; but each time the judgment was reversed by this court with a general direction for a new trial, 41 F.(2d) 634; 61 F.(2d) 298. On the third trial the plaintiff had a ver-

dict for nominal damages on instructions by the court which in effect compelled such a verdict. Whereupon the plaintiff moved for a new trial.

In view of the difference in procedure in such cases under the law of Florida where the contract was made and under the law of Pennsylvania where it was attempted to be enforced and under law applicable in the federal court where the suit was brought, the learned trial judge thought the suit which in form was at law was in substance in equity and had been brought on the wrong side of the court. Accordingly, under authority of section 274a of the Judicial Code (28 USCA § 397) he set about to put it on the right side. The situation, however, was unusual. The case had gone to verdict but not to judgment; a motion by the plaintiff for a new trial was pending. If the plaintiff should elect to stand on his action at law to the end, the learned trial court was firmly of opinion that a new trial should be denied and judgment be entered; but if the plaintiff felt, as did the court, that the action was in equity he should, thought the court, even at that late stage, be allowed by "amendment" to get on the right side of the court and by a new trial prosecute his action there. So on the plaintiff's motion to amend, the court, by an order, allowed the amendment changing the form of action from one at law to one in equity and, conformably, allowed a new trial. Whereupon Werner, the defendant, being satisfied with the verdict for 6¼ cents against him, appealed from the order, assigning three errors; two directed to what the court had said in its opinion, which of course is not a subject of review, and one to the court's order. Zintmaster, the plaintiff, being dissatisfied with the verdict for 6¼ cents in his favor and anxious to have another trial which the court's order, if not disturbed, accords him, moved to dismiss the appeal for the reason that the order appealed from is not final but interlocutory, and that an appeal can not be taken from an interlocutory order of the nature of this one.

It should be observed that the order in question contains two elements, that is, it does two things: It gives the plaintiff leave to amend his pleadings and grants him a new trial of the case on the pleadings as amended. Whether or not the learned court committed error in making the order is a question with which we are not presently concerned. The only question on the mo-

tion to dismiss is whether or not an appeal may be taken from such an order. As the appellate jurisdiction of this court is entirely statutory, the answer must be sought in the statute which confers jurisdiction. Judicial Code, § 128, 28 USCA § 225. From a glance at its familiar provisions it is clear the answer turns very definitely on the question whether the order is a "final decision" or an interlocutory order under section 129 of the Judicial Code, 28 USCA § 227, granting or refusing an injunction or appointing a receiver or refusing to wind up a pending receivership. Manifestly it is not the latter. Therefore our inquiry is restricted to the single question whether the order is a final decision.

■ The test of a final decision, applied by the courts time out of mind, is that the judgment or decree "must terminate the litigation between the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree it had already rendered." Bostwick v. Brinkerhoff, 106 U. S. 3, 1 S. Ct. 15, 16, 27 L. Ed. 73.

■ Applying that test here, it is certain, unless there be substance in the defendant's contention which we shall state presently, that an order allowing an amendment as to the form of action is from its very nature interlocutory. It is similar to an order overruling a demurrer. Indeed, instead of terminating the case on the merits, it determines that the case shall proceed to trial. It is in no sense final; therefore it is not appealable. Merriman v. C. & E. I. R. Co. (C. C. A.) 64 F. 535; Stillwagon v. B. & O. R. Co. (C. C. A.) 159 F. 97; Shumaker v. Security Life & Annuity Co. (C. C. A.) 159 F. 112; Weaver v. Atlas Oil Company (C. C. A.) 39 F.(2d) 847; Childs v. Ultramares Corporation (C. C. A.) 40 F.(2d) 474, 475.

■ The next question is whether the part of the order which granted the plaintiff a new trial is appealable.

The cases on that point are legion and, recognizing certain exceptions, are uniform in principle. It will be enough to cite what is perhaps the last pronouncement by the Supreme Court on the subject and for sake of consistency to cite several decisions of our own.

In Fairmount Glass Works v. Coal Company, 287 U. S. 474, 481, 53 S. Ct. 252,

254, 77 L. Ed. 439, the Supreme Court said: "The rule that this Court will not review the action of a federal trial court in granting or denying a motion for a new trial for error of fact has been settled by a long and unbroken line of decisions." It discussed the principles on which the rule is founded, citing numerous decisions, alluded to certain exceptions and said that the rule applies equally to circuit courts of appeals.

That decision, and those following, control the instant case. Farrell v. First National Bank of Philadelphia (C. C. A.) 254 F. 801; Myers v. Kessler (C. C. A.) 142 F. 730; Gizzi v. P. & L. E. R. Co. (C. C. A.) 158 F. 410; Rogers v. Petrified Bone Mining Co. (C. C. A.) 158 F. 799; James v. Evans (C. C. A.) 149 F. 136; Stetson v. Stindt (C. C. A.) 279 F. 209; Lazier Gas Engine Co. v. DuBois (C. C. A.) 130 F. 834; P. & R. R. Co. v. McKibbin (C. C. A.) 259 F. 476. If it should be thought the opinion of the Supreme Court in the Fairmount Glass Works Case contains any limitation or restriction by which this case is excepted, we hold on the principle running through all the cases that (unless the defendant's contention be sound) in allowing a new trial the learned trial judge exercised a discretion in the orderly conduct of the case and that in consequence the order granting a new trial is not appealable. Newcomb v. Wood, 97 U. S. 581, 583, 24 L. Ed. 1085.

■ The defendant, resisting the plaintiff's motion to dismiss his appeal, addresses himself not particularly, or at least not confidently, to the two elements of the cited order, (a) allowance of the plaintiff's amendment changing the form of action, and (b) allowance of the plaintiff's motion for a new trial, but to the order as a composite of these elements which he maintains is a "final decision" within the meaning of section 128 of the Judicial Code (28 USCA § 225), disposing once and for all of the law suit which was tried, and starting a completely new suit in equity. Con-

sistently with this position, he further maintains that the allowance of a new trial is an allowance of a trial in the new suit, not a new trial in the old suit; and that together they work great injustice to him. Of course were it legally possible to regard the change, by amendment, of the form of action from one at law to one in equity, authorized by section 274a of the Judicial Code (28 USCA § 397), as an end to the suit, the defendant's contention would be sound, and the order would be appealable. But we find nothing in the cited section that expressly or by implication warrants that construction. On the contrary the section contemplates the continuance of the same suit to be tried in a different way. It provides for "amendments to *the pleadings*" in the suit and that "any party to *the suit* shall have the right, at any stage of *the cause,* to amend *his pleadings* so as to obviate the objection that *his suit* was not brought on the right side of the court. *The cause* shall *proceed* and be *determined* upon *such amended pleadings.*"

The necessary construction of these words is that the suit after change of its form of action is the same suit as before and remains so until final judgment or decree. Jurisdiction of the court, acquired on the original process, holds to the end.

Moreover, it is difficult to treat the order of the court as a legal entity without observing its elements of amendment and new trial based, we find, in each instance on the court's discretion. From such an order allowing either amendment or new trial, being purely interlocutory without an injunctive feature, an appeal, under all the cases, can not be taken.

We have restricted our discussion and shall limit our decision to the plaintiff's motion to dismiss, leaving the defendant free to attack the order of which he complains in any lawful way when the case goes to final decree.

The appeal is dismissed.