## BALTIMORE & O. R. CO. v. UNITED FUEL GAS CO. et al.

### No. 5459.

Circuit Court of Appeals, Fourth Circuit.

April 9, 1946.

William F. Wunschel, of Charleston, W. Va. (Stanley C. Morris and Steptoe & Johnson, all of Charleston, W. Va., on the brief), for appellant.

Donald O. Blagg, of Charleston, W. Va. (A. G. Stone and Rummel, Blagg & Stone, all of Charleston, W.Va., on the brief), for appellees.

Before SOPER and DOBIE, Circuit Judges, and TIMMERMAN, District Judge.

DOBIE, Circuit Judge.

Earl Saunders (a citizen of West Virginia) instituted, in the United States District Court for the Southern District of West Virginia, a civil action for damages

---

against the Baltimore & Ohio Railroad Company (hereinafter called B. & O.), a Maryland corporation. The object of this action was to recover money damages for personal injuries alleged to have been received by Saunders in a collision between a motor truck in which Saunders was riding and an engine and train owned and operated by B. & O. The truck, at the time of the collision, was owned by United Fuel Gas Company (hereinafter called United), a West Virginia corporation, and was operated by M. C. Kirkhart, a citizen of West Virginia. Similar actions were instituted by Dearl Shamblin and Amos Hively. These three civil actions, since they involved identical issues of law and fact, were consolidated. We need consider here only the Saunders case.

B. & O. moved, under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, dealing with Third-Party Practice, to implead United and Kirkhart. B. & O. demanded (1) that any judgment rendered in favor of the plaintiffs be rendered against appellees, United Fuel Gas Company and M. C. Kirkhart; (2) that appellant have judgment against the appellees for *all or part* of any sums that might be assessed against it in favor of the plaintiffs; (3) that any judgment that might be rendered against appellant in favor of the plaintiffs also be rendered against appellees or (4) if any judgment be rendered against appellant in favor of the plaintiffs that judgment be rendered in favor of appellant and against appellees for two-thirds of the amount thereof. The District Court sustained the motions of United and Kirkhart to dismiss the amended third-party complaint, on the ground that the Court was without jurisdiction to entertain the third-party complaint since United and Kirkhart were citizens of West Virginia, the same state of which Saunders was a citizen. B. & O. has duly appealed.

We do not consider the merits of the decision of the District Court, from which this appeal was taken; for we think that decision is not a final judgment such as is appealable under Judicial Code § 128, as amended, 28 U.S.C.A. § 225. Accordingly, the appeal here was prematurely taken and must therefore be dismissed.

█ The problem of what constitutes, for the purpose of appeal, a final judgment is often difficult. A classic and oft-quoted definition is that of Chief Justice

Waite, in Bostwick v. Brinkerhoff, 106 U. S. 3, 1 S.Ct. 15, 16, 27 L.Ed. 73:

"The rule is well settled and of long standing that a judgment or decree to be final * * * must terminate the litigation between the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree it had already rendered."

After words of similar import, Circuit Judge Sanborn, in Morgan v. Thompson, 8 Cir., 124 F. 203, 204, went on to say:

"An order, judgment, or decree which does not have this effect—one which leaves the rights of the parties to the suit undetermined and subject to further adjudication—is not a final decision."

See, also, La Bourgogne, 210 U.S. 95, 28 S.Ct. 664, 52 L.Ed. 973; City of Vicksburg v. Henson, 231 U.S. 259, 264–267, 34 S.Ct. 95, 58 L.Ed. 209; Ex parte Tiffany, 252 U.S. 32, 40 S.Ct. 239, 64 L.Ed. 443; The Pesaro, 255 U.S. 216, 41 S.Ct. 308, 65 L. Ed. 592; Maas v. Lonstorf, 6 Cir., 166 F. 41; Hickey v. Johnson, 8 Cir., 9 F.2d 498. And see Rose on Federal Jurisdiction and Procedure, 5th Ed., § 651; Williams on Federal Practice (2d Ed.), p. 627; Dobie on Federal Procedure, § 201; Moore, Federal Practice, vol. 3, § 73.02; Ohlinger, Federal Practice, vol. 6, § 581.

In applying the test of what constitutes a final decision, the federal courts seem to have regarded substance rather than form, and to have been guided by practical rather than by purely theoretical considerations.

█ Applying this test to the instant case, we are forced to the conclusion that the decision below is not a final judgment and is therefore not appealable. This decision in no sense determines the rights of the parties in the case. Saunders sought a money judgment against B. & O. for alleged personal injuries due to the negligence of B. & O. The question of the attendant liability of B. & O. is still undetermined. The District Court has merely declined to implead, upon the motion of B. & O., the driver and the owner of the truck in which Saunders was riding. That leaves the case exactly as it was when it was instituted.

If, when the case is tried on the merits, the judgment should be in favor of B. & O., the question now before us becomes of no consequence, for B. & O. has not been hurt. If, at the trial, the decision is

against B. & O., an appeal can be taken by B. & O. to our Court and we can then decide all the questions properly before us on the appeal.

Nor does the instant decision below even pass on the questions, in case of a judgment adverse to B. & O., of what rights, if any, B. & O. may possess over against the alleged co-tort-feasors, and how these rights, if they exist, can be asserted. Such rights are still in futuro and potentially are in the lap of the courts. Saunders has here asserted only a single claim and is in no event entitled to more than one satisfaction—he might have asserted this claim against the alleged co-tort-feasors, the owner and the driver of the truck. Had he so chosen, the State Courts were open to him; he could not, for lack of the requisite diversity of citizenship, have sued all the co-tort-feasors in the United States District Court. He did choose to sue the B. & O. alone in the Federal District Court and that Court has merely upheld the validity of this election by refusing to compel the inclusion of the owner and the driver of the truck as parties to the action.

The investigations of counsel and our own independent research have brought to light no case in which the instant question has been expressly decided. We discuss briefly four of the cases cited by appellant. Brown v. Cranston, 2 Cir., 132 F. 2d 631, 148 A.L.R. 1178 (order dismissing a third party complaint under Rule 14, Federal Rules of Civil Procedure); General Taxicab Association v. O'Shea, 71 App.D.C. 327, 109 F.2d 671 (order overruling motion to implead a third party defendant under Rule 14); City of Philadelphia v. National Surety Corporation, 3 Cir., 140 F.2d 805 (order granting motion to dismiss third party complaint under Rule 14). In all three of these cases, the court considered the merits of the motion to implead under Rule 14; but no case discussed whether the judgment under review was a final judgment. Again in all these cases, the appellate court affirmed the decision of the lower court denying the right of impleader under Rule 14. In the General Taxicab case, the appellate court squarely held that the right of impleader under Rule 14 vested in the sound discretion of the trial judge and the appellate court affirmed the decision below on the ground that no abuse of this discretion had been shown. Again, this case is no authority on our precise problem, since under Title 17, Sec. 101 of the District of Columbia Code, appeals are permitted to the Court of Appeals of the District of Columbia from interlocutory orders "whenever it is made to appear to said court upon petition that it will be in the interest of justice to allow such appeal."

Reeves v. Beardall, 316 U.S. 283, 62 S. Ct. 1085, 86 L.Ed. 1478, gives us little help here. There a decision by the lower court of one claim, though other claims were left undecided, was held to be final and appealable under Rule 54(b) of the Federal Rules of Civil Procedure. But Mr. Justice Douglas, 316 U.S. at page 286, 62 S.Ct. at page 1087, 86 L.Ed. 1478, was careful to point out:

"The claim against respondent on the promissory note was unrelated to the claim on the contract not to change the will. Those two claims arose out of wholly separate and distinct transactions or engagements."

In our case we have a single claim, and a single occurrence or engagement, potentially assertable against three defendants, which plaintiff chose to assert against only one defendant, B. & O. For an elaborate discussion of Reeves v. Beardall (and companion cases) see Moore, Federal Practice, Vol. 3, 1945 Supplement, page 141.

We have found only one discussion of our precise problem in modern text-books on federal procedure. That expressly sustains our position. In Moore, Federal Practice (certainly an authoritative book), Vol. 1, page 749, we find:

"Where the defendant's motion to implead a third-party is denied, the order would not be appealable, since Rule 14 places the grant or denial of such a motion in the discretion of the court. Even if an abuse of discretion could conceivably be shown, still the order denying impleader would not be appealable, inasmuch as it does not finally dispose of any rights of the defendant. If the defendant's motion to implead a third-party was granted over the plaintiff's objection, the plaintiff could not appeal from such an order, since it is not a final order in any sense."

In 5 Cyclopedia of Federal Procedure, 575, § 1869, it is said:

"Though it would seem that orders denying motions to bring in third-party de-

fendants are not appealable because not final, there is authority for appealing in such cases."

It might be noted that the only supposedly contra authority here cited is the General Taxicab case discussed above.

Without, then, discussing or deciding the merits of the decision of the District Court denying the motion of B. & O. to implead the driver and the owner of the truck, we hold simply that this decision is not a final judgment and is thus not appealable under Judicial Code § 128 as amended, 28 U.S.C.A. § 225.

Accordingly the appeals of the defendant are premature and must be dismissed.

Appeals dismissed.