**CARLISLE v. S. C. LOVELAND CO. et al.**
No. 9704.

United States Court of Appeals
Third Circuit.

Argued March 21, 1949.

Decided May 18, 1949.

419

Benjamin F. Stahl, Jr., Philadelphia, Pa. (Clark, Brown, McCown, Fortenbaugh & Young, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

This in a sense is a companion case to Carlisle v. Kelly Pile & Foundation Corporation ("Kelly Pile") at our No. 9732, 175 F.2d 414.[1] In the instant case Carlisle, a citizen of New Jersey, brought suit against S. C. Loveland Company ("Loveland"), stated in the complaint to be a corporation created under the laws of Pennsylvania, alleging acts of negligence by Loveland which occurred in Delaware and which resulted in injury to him. Loveland answered, alleging that it was incorporated under the laws of the State of Delaware. It seems to be conceded that Loveland is a Delaware corporation and we will assume this to be the case for the purpose of the instant appeal. Loveland as a third-party plaintiff filed a complaint against Kelly Pile, a New York corporation, asserting that the liability for Carlisle's injuries, if there be liability, rests on Kelly Pile which was operating the barge into which Carlisle fell because of an uncovered hatch.

Kelly Pile made a "special appearance"[2] accompanied by a motion to dismiss the third-party complaint on the ground inter alia [3] that the venue of the action is improperly laid in the District Court of the United States for the Eastern District of Pennsylvania. The Court below denied the motion, 77 F.Supp. 51, and Kelly Pile has appealed.

The original suit was filed on September 6, 1946 and the third-party complaint was filed on August 26, 1947.[4] It is obvious, therefore, that Section 51 of the Judicial

Louis Wagner, Philadelphia, Pa. (Richard A. Smith, Philadelphia, Pa., on the brief), for appellant.

[1] Opinion filed on the same day as the opinion in the instant case.

[2] It will be observed that special appearances are no longer possible under the Federal Rules of Civil Procedure, 28 U.S.C.A. See Rule 12 and Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871, referred to at a later point in this opinion.

[3] There are other grounds alleged for dismissal but they do not require discussion.

[4] Service upon Kelly Pile in the instant case was made by the United States Marshal of the District Court of the United

Code[5] of 1911, as amended by the Act of April 16, 1936, 49 Stat. 1213, governs the action. Schoen v. Mountain Producers Corporation, 3 Cir., 170 F.2d 707, 713, cert. den. 69 S.Ct. 746. Section 51 reads as follows: "Civil Suits; Where to be Brought.—Except as provided in the five succeeding sections no person shall be arrested in one district for trial in another, in any civil action before a district court; and, except as provided in the six succeeding sections, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found."

■ While the record at No. 9732, Carlisle v. Kelly Pile, referred to in the first sentence of this opinion, shows that the Commonwealth of Pennsylvania on May 21, 1941 granted to Kelly Pile a certificate of authority to transact business in Pennsylvania pursuant to the Business Corporation Law of May 5, 1933, P.L. 364, 15 P.S.Pa. § 2852—1001 et seq., and that that certificate has not been surrendered or revoked, these facts do not appear of record in the instant case. However, since counsel in the oral argument in the instant case discussed Kelly Pile's status under the certificate of authority to transact business in Pennsylvania pursuant to the Corporation Law as if the relevant circumstances were contained in the record we will take judicial notice of them for the purpose of the instant appeal in order to save the time of the litigants and of the court below and of this court.[6]

■ Loveland is a corporation foreign to Pennsylvania. It therefore might have had the right to invoke the provisions of Section 51 of the Judicial Code and to have objected to the venue of the original action filed against it by Carlisle. Loveland did not take such a step and it follows that any defense relating to improper venue was waived by it. See Robinson v. Coos Bay Pulp Corporation, 3 Cir., 147 F.2d 512, 513.

The question next presented is whether Loveland properly may bring into the suit as a third-party defendant Kelly Pile, a corporation of New York. Kelly Pile maintains that Loveland may not voluntarily waive alleged improper venue and by that means require Kelly Pile to answer but the reasoning behind the contention is not clear. The contention seems to be based only on the statement that a defendant who may raise objection to venue but voluntarily submits thereto, may not bring into court by the device of a third-party complaint as a third-party defendant one who otherwise could not be brought into court. Kelly Pile's assertion seems to find a complete answer by way of analogy in the decision of this court in Sheppard v. Atlantic States Gas Co., 167 F.2d 841, 845.

As we have said Kelly Pile elected to make a "special appearance" in the instant case. While Rule 12 has abolished the antique distinction between general and special appearances in the federal courts and it may now be said that a defendant comes

States for the Eastern District of New York in New York City upon Mader, shown in the return as an "Attorney, authority to accept service."

Kelly Pile could have objected to the validity of the service of the third-party summons and complaint upon it but since it failed to do this in the court below it has waived that defense. Branic v. Wheeling Steel Corporation, 3 Cir., 152 F.2d 887, 888.

[5] See Section 1391 of revised Title 28, U.S.Code.

[6] The action of the court in this regard is not to be considered as a binding precedent. It was the duty of counsel to put into the record the pertinent facts relating to Kelly Pile's qualification to do business in the State of Pennsylvania.

into court with the key of the court house in his pocket, Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F. 2d 871, 874, Kelly Pile on this aspect of the instant case has elected to seek release only by attempting to turn the key of improper venue. Since in our decision at No. 9732, Carlisle v. Kelly Pile, see note 1, supra, we hold that Kelly Pile by qualifying to do business in the State of Pennsylvania under the Business Corporation Law of May 5, 1933, P.L. 364, 15 P.S.Pa. § 2852—1001 et seq., waived any objection to venue in a suit brought in Pennsylvania for a tort arising outside of that State, it follows that the key selected by Kelly Pile will not unlock the court house door and release it. The reasons for our ruling at No. 9732 need not be repeated here.

■ Another point requires consideration. Kelly Pile insists that there is absence of any liability over as between it and Loveland; that there must be "community of negligent action" between the third-party plaintiff and the third-party defendant. Carlisle sued Loveland alleging he was injured by reason of the negligence of Loveland, its agents, servants and employees. This was Carlisle's first cause of action. By his second cause of action he seeks maintenance and cure. His employer was Loveland, not Kelly Pile, and hence the second cause of action will run only against Loveland and Kelly Pile cannot be involved therein. In its third-party complaint, however, Loveland avers that Kelly Pile is liable over to it by reason of certain negligent acts on the part of Kelly Pile which caused Carlisle's injuries. The allegations of the third-party complaint seem to meet squarely the requirements of Rule 14. The doctrine of Brun v. Mann, 8 Cir., 1906, 151 F. 145, 12 L.R.A.,N.S., 154, has been enlarged by more recent decisions. See for example Jones v. Waterman S. S. Corporation, 3 Cir., 155 F.2d 992. Allowance of third-party proceedings in the instant case will avoid circuity of action and will permit adjustment of Carlisle's claim based on tort in a single suit.

We have discussed the case on the merits as if the order of the court below denying Kelly Pile's motion to dismiss the third-party complaint was an appealable one because of the effect which the instant suit may have on the case which Carlisle has brought against Kelly Pile discussed in the opinion at our No. 9732. The questions involved in the instant suit and in that at our No. 9732 are interesting and novel ones and it would be difficult for the parties at both numbers to be informed fully of their respective rights without a discussion of the merits of the *pleadings* in the instant action. We think, however, that the order to which Kelly Pile objects, however, is not an appealable order though this question has not been raised by the parties. We can find no case precisely in point.

■ Our jurisdiction is purely statutory, United States v. Horns, 3 Cir., 147 F.2d 57, and it is well established, we think, that an order denying a motion to dismiss a third party complaint is not an order terminating a litigation. See Bostwick v. Brinkerhoff, 106 U.S. 3, 1 S.Ct. 15, 27 L.Ed. 73; Morgan v. Thompson, 8 Cir., 124 F. 203, 204, and Section 128 of the Judicial Code of 1911 [now 28 U.S.C.A. § 1291 et seq.]. Cf. Balitmore & O. R. Co. v. United Fuel Gas Co., 4 Cir., 154 F.2d 545, where an order dismissing a third-party complaint was deemed not to be appealable. Cf. also our decision in Beneficial Industrial Loan Corp. v. Smith, 3 Cir., 170 F.2d 44, 49, 50. But see in particular Moore, Federal Practice, Vol. 1, p. 749, wherein that authority states "If the defendant's motion to implead a third-party was granted over the plaintiff's objection, the plaintiff could not appeal from such an order, since it is not a final order in any sense." By persuasive analogy the third-party defendant is not entitled to an appeal.

An order will be entered dismissing the appeal.